## APPEAL OF ISABELLA ROSS ET AL.

[ESTATE OF SOBIESKI ROSS, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF POTTER COUNTY.

Argued May 8, 1889—Decided May 27, 1889.

(a) In 1864, a widower executed and delivered a note under seal for $5,000, payable to a trustee for his children named therein, five years after date, with interest: on the same day he was married a second time.   In 1877, he died, leaving to survive him his widow, the children by his first marriage, and one child by his second, with an estate of $100,000, of which the personalty was exhausted in the payment of debts, administration expenses and money legacies.

1. In such case, the transaction was a duly executed gift inter vivos, and, considered in connection with the amount of the estate, there being no evidence of fraudulent intent, the note was not in fraud of the rights of the second wife, and was properly payable out of the proceeds of realty, sold either by the decedent in his lifetime, or by his executors within five years after his death under a power in his will.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 195 July Term 1888, Sup. Ct.; court below, No. 14 Docket C., O. C.

On September 22, 1885, W. K. Jones, surviving executor of the will of Sobieski Ross, deceased, filed a third account, showing a balance for distribution of $8,176.32.

Sobieski Ross, had died October 24, 1877, leaving a will, dated September 9, 1876, and duly admitted to probate, wherein after several special devises and bequests, he devised and bequeathed all his other estate, real and personal, to his executors

with power to sell for the payment of debts and legacies, making his widow, Isabella Ross, and his children, John S., Mary, George F. and Thomas H. Ross, residuary legatees. The widow made her election to take under the will.

In the account under consideration, the accountant had charged himself with $13,862.38, the balance shown by a former account, made up of the proceeds of the sale of both real and personal estate, and had taken credit for $6,000, " paid M. A. Ross, trustee, on note." To the allowance of this credit, Mrs. Isabella Ross, for herself and as guardian of Thomas H. Ross, filed exceptions.

On February 26, 1886, *Mr. David Sterrett*, appointed auditor to hear and determine said exceptions, etc., filed the following report:

From the evidence adduced the auditor finds the following facts:

Sobieski Ross, the deceased, died at Coudersport, in the county aforesaid, October 24, 1877, aged 49 years or thereabout. He had been a resident of Coudersport all his life, had been twice married, and left to survive him children by his first wife, John S. Ross, Mary Ross Stanton and George F. Ross, and also Isabella Ross, his widow, and Thomas H. Ross, a child by his second wife, the said Isabella Ross. John S. Ross was born January 7, 1848; Mary was born May, 1850, and George F. was born June 19, 1860. Mary Ross, their mother, died November 20, 1862.

Sobieski Ross and Isabella Ross were married the 19th or 20th of October, 1864. On the morning of the day the marriage was celebrated, and before the marriage ceremony, Sobieski Ross delivered to Mary A. Ross, his mother, a note or writing obligatory under his hand and seal, of which the following is a true and correct copy:

$5000.                              COUDERSPORT, PA., Oct. 19, 1864.

Five years after date, I promise to pay to the order of Mary A. Ross (in trust for John Ross, Mary Ross and George Fox Ross) Five Thousand dollars, without defalcation, value received, with interest payable annually. Witness my hand and seal.                              SOBIESKI ROSS. [L. S.]

This note is in the handwriting of Sobieski Ross. It is the

note upon which the payment of $6,000 was made June 30, 1883, for which the credit is claimed by the executor in his account to which the exception is filed. The payment was in fact made to the said Mary A. Ross, trustee, to apply on the note.

At the time the note was given the said Mary A. Ross was residing in the decedent's family. There is no evidence aliunde of consideration for the note, except as contained in the deposition of Mary A. Ross. This deposition was admitted in evidence, to be considered subject to the admissibility of the testimony in reference to the consideration. Subject to such objection, the auditor finds that there was no money or property consideration to the maker of the note, moving him to its execution and delivery. And, without regard to such testimony, the auditor finds that the real consideration moving him to such execution and delivery, was his natural love and affection for his children named therein as beneficiaries, and his desire to set aside the sum named in the note for their use and benefit.

No payments were made on the note during the lifetime of Sobieski Ross. After the note matured according to its terms, he repeatedly expressed the desire that the fund should be kept entire, until George, the youngest child named therein, should arrive at the age of twenty-one years.

The note was presented to Wm. Jones, one of the executors, for payment, within one year after the death of the said Sobieski Ross.

The inventory of the personal estate of the deceased amounted to $43,788.45, of which about $2,500 was unavailable, leaving about $41,000 collectible; and about $700 came into hands of the executors in addition to the items in inventory. On October 14, 1864, the said Sobieski Ross conveyed to Mary A. Ross, in trust for John Ross, Mary Ross and George F. Ross, a lot of land in the borough of Coudersport, a part of grantor's homestead lot. The lot conveyed was worth about $2,500. The consideration expressed in the deed was one dollar. The deed was recorded October 31, 1864. The executor estimated the unimproved real estate of decedent, at the time of his decease, at $50,000, and his improved real estate at $17,000. The debts against the estate have all been paid except the balance of the said note held by Mary A. Ross and one other note held by her. The latter does not exceed $500.

The decedent died testate, having made a last will and testament dated September 9, 1876, which was duly admitted to probate before the register of wills of said county of Potter, October 29, 1877, disposing of the entire estate.

Isabella Ross, the exceptant and widow of said defendant, on March 12, 1879, filed in the office of the clerk of the Orphans' Court of said county, her election to accept the devise and bequest under said will to her in lieu of dower.

On the hearing before the auditor it was contended on behalf of exceptant, in substance, that the obligation of October 19, 1864, was an executory contract, or at most an imperfect gift inter vivos, and could not be enforced unless founded on a valuable consideration, and in support of such position the following authorities were cited: Bispham's Equity, 101–108, and Carhart's App., 78 Pa. 118–19, where the law is stated in the opinion of the court by WOODWARD, J. It was also contended that the giving of the obligation, at the time and under the circumstances proven, was a fraud on the marital rights of the exceptant, Isabella Ross; in support of which position was cited Wharton's Law of Contracts, §§ 166, 399.

On the other hand, it was contended that the obligation was an executed trust and created a legal obligation against the estate of the decedent in favor of the trustee, in support of which the following cases, amongst others, were cited as authority: Candor's App., 27 Pa. 119; Mack's App., 68 Pa. 231; Crawford's App., 61 Pa. 52. In reply to the second position of exceptant's counsel, the following authorities were cited: Pringle v. Pringle, 59 Pa. 281; Hamilton v. Smith, 42 Am. Rep. 39; Butler v. Butler, 30 Am. Rep. 441; and in reference to the effect of the election of the widow to take under the will in lieu of dower, the case of Cox v. Rogers, 77 Pa. 160, was cited.

The fact that the widow elected to take the devise and bequest under the will, in lieu of her right of dower, is not regarded by the auditor as having any bearing on the controversy in this case. This election was a choice between the provisions of the will in her favor, and her right of dower at common law. It was necessary and proper, in order to establish her relations to the estate in this regard. It should not be interpreted to affect her rights in other respects, or be construed to be a

waiver of any rights not directly involved in the choice made by her.

There is no question of actual fraud in this case. Any allegation that a fraud upon the intended wife was designed by the execution and delivery of the note, in order to be a defence would have to be supported by clear proof of facts evincing the fraudulent intent. No such proof is adduced. On the other hand, the owner of a large estate, in contemplation of marriage to a second wife, might execute and deliver to a trustee for his children by a former wife, an obligation such as the one in question, with the most correct and honest motives. And from the authorities above cited, the auditor is of the opinion that the obligation in question is not a fraud upon the personal rights of Isabella Ross.

The obligation of October 18, 1864, being a specialty, needs no consideration to support it. The auditor regards it as an executed obligation, which created, in favor of the children of the obligor named therein, a valid debt against the estate, and concludes that the executor is entitled to credit for the sum paid to apply thereon. He therefore recommends that the exception in this case be dismissed and the account as stated be confirmed.

Mrs. Isabella Ross, for herself and as guardian of Thomas H. Ross, excepted to the auditor's report, in substance, as follows:

1. The auditor erred in finding as mixed matter of law and fact, that the giving of the note in question upon the day of his marriage, without valuable consideration and without notice to his intended wife, taken in connection with the conveyance of his homestead lot and house without valuable consideration, was not a fraud upon the said Isabella Ross, wife and widow of said S. Ross, deceased.[5]

2. The evidence in the case showing that prior to the payment of the $6,000, for which the executor claims credit in this case, the personalty of said estate of S. Ross had all been exhausted in the payment of his debts and the expenses of administration, and no action having been brought upon said note to recover the same, and five years having elapsed after the death of said S. Ross, before the payment of said $6,000, the auditor erred in allowing the said payment of $6,000 to be passed

to the credit of said accountant, thereby making the same a charge against the proceeds of realty of the estate of said Sobieski Ross, deceased.[6]

The said exceptions were referred to WILLIAMS, P. J., 4th judicial district, who on March 25, 1887, filed the following opinion :

The argument in support of the exceptions was heard on January 11, 1887. One of the exceptions which was earnestly pressed at that time was, that the auditor erred in not finding that the payments made by the accountant on the note of Mary A. Ross, trustee, were made from the proceeds of real estate sold more than five years after the death of Sobieski Ross. The force of this exception lay in the want of definiteness of statement in the account and in the testimony of the accountant before the auditor, as to the time when the several sales of real estate were made from which the moneys entering into this account were received.

An application was made to re-open the testimony so far as to enable the accountant to fix the dates of these sales. This application was granted and on February 3d, W. K. Jones, the executor, was examined upon this subject.

From this evidence we find as a fact that the sales of real estate from which the moneys appearing in the account were derived, were made in the lifetime of Sobieski Ross, or by his executor, within five years after his decease, except about $3,000, a sum much less than the balance remaining in the hands of the accountant.

It follows then that the auditor was right in allowing the accountant credit for the money paid Mary A. Ross, trustee, on the note of October 19, 1864, if that note was a valid obligation. It is insisted that the note was not a valid obligation for the reasons, first, that it was a fraud upon Isabella Ross, one of the exceptants, to whom Ross was married on the same day that the note was given ; and second, that it was an unexecuted gift inter vivos. As to the first of these reasons, the facts found by the auditor are a sufficient answer. He found that Sobieski Ross had been previously married, and had three children by the marriage, who are the three persons named as beneficiaries in the note ; that he had, at the date of said note

and at the time of his decease, real and personal estate exceeding $100,000 in value, and that no evidence of any fraudulent intent anywhere appears in the evidence. We have looked into the evidence and think the auditor is fully justified in his conclusions. It would seem very clear, therefore, that the arrangement made by Ross was merely a reasonable and natural provision for the children named, and, considered in connection with the amount of property owned by him when it was made, it was by no means a large one, or one of which the exceptant had just reason to complain.

The facts found by the auditor also dispose of the remaining objection urged against the validity of this note. Ross was on the eve of a second marriage. He signed, sealed and delivered the note to his mother, Mary A. Ross, in trust for the three children of his first marriage. A seal imports a consideration, but there is here a good consideration in the natural affection of a father for his children and his obligation to provide for them. The note was not placed in escrow, but was delivered to the payee named therein. It passed wholly and unconditionally out of his control, and into the custody and control of the payee. Ross himself recognized this fact and during his life conferred with his mother in regard to the note, the proper time for its payment, and the division of the money among the beneficiaries. There is no room, upon this state of the facts, to hold this note to be an unexecuted gift.

We conclude with the auditor that the note to Mary A. Ross, trustee, was a valid outstanding obligation, that it was the duty of the executor to pay it, and that the funds employed for that purpose do not appear to have been drawn from the sales of real estate made five years after the decease of testator. Under this view of the case the consideration of the question, whether the will of Sobieski Ross by its terms makes a conversion of the real estate, is wholly unnecessary and we do not enter upon it. The exceptions are dismissed and the report of the auditor is confirmed.

Thereupon the exceptant took this appeal, assigning for error :

5, 6. The dismissal of said exceptions.[5] [6]

Statement of Facts.

*Mr. C. L. Peck* (with him *Mr. M. F. Elliott*), for the appellant.

*Mr. John Ormerod* and *Mr. H. C. Dornan* (with them *Mr. Benson, Mr. Mann, Mr. R. Brown,* and *Messrs. Larrabee* and *Lewis*), for the appellees.

PER CURIAM:

We do not think it necessary to add anything to what was said by the learned judge who heard this case upon exceptions in the court below.

> The decree is affirmed and the appeal dismissed at the costs of appellants.