## Hawk *v.* Maxler, Appellant.

*Promissory notes—Gift—Question for jury—Pleading—Allegata and probata—Appeals.*

1. In an action by a mother against her son's executor on a promissory note in the usual form, made two years before the son's death and payable three years after its date, the trial judge commits no error in submitting to the jury the question whether the note was given to the mother as a gift, where the mother, on being called for cross-examination, testifies that the note was in fact a gift, that nothing was said between herself and her son as to when it was to be paid, but that she understood that it was to be paid after his death.

2. In an action on a promissory note made by a son to his mother, where the affidavit attached to the declaration states that the note was given for a loan, and the proofs at the trial show that it was delivered as a gift, a judgment on a verdict for the mother will not be reversed on the ground of variance, where the question of variance was not raised at the trial, nor plea of surprise then entered, and no assignment of error raising the question is presented to the appellate court.

Argued Oct. 3, 1911.    Appeal, No. 39, Oct. T., 1911,
    VOL. CCXXXIII—22

by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1909, No. 1, on verdict for plaintiff in case of A. A. Hawk v. Frank Maxler, Executor of the Last Will and Testament of C. W. Hawk. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a promissory note under seal.

REED, P. J., specially presiding, charged as follows:

This is an action brought by Mrs. A. A. Hawk against the estate of C. W. Hawk to recover on a note made and executed by C. W. Hawk on May 9, 1905, to her order, payable three years after date, calling for the sum of $2,000, with interest at five per cent. On the back of the note are indorsements showing that the interest has been paid up until November 9, 1907. This action is brought to recover the face of the note, $2,000, with interest from November 9, 1907.

[The plaintiff has offered testimony here to show that this note was executed by C. W. Hawk, and the defendant has called the payee, Mrs. Anna M. Hawk, as a witness. She testifies that her son executed and delivered this note to her without any consideration, but intended to make her a gift of that amount of money, $2,000, which she supposes she was to get out of his estate after his death. That is, that she did not intend to collect it from him in his lifetime. She testifies that there was some conversation between them with reference to a Mrs. Thompson, that he was afraid she would not get justice in the matter, and he gave her this note to protect her against Mrs. Thompson or Mrs. Thompson's claim upon his estate.] [2]

[If you are satisfied from the evidence in this case, that C. W. Hawk executed and delivered this note to his mother with the intention of making her a gift of $2,000, then you will return a verdict in favor of the plaintiff for the sum of $2,000, with interest from Novem-

ber 9, 1907.] [1]  If you are not so satisfied or believe
that the note was executed and delivered to her for some
other purpose, and that she was not to collect it off him,
then you will return a verdict for the defendant.

Verdict and judgment for plaintiff for $2,258.34.  De-
fendant appealed.

*Errors assigned* were (1, 2) portions of charge as above,
quoting them.

*J. W. King* and *H. A. Heilman,* for appellant.—A gift
inter vivos of a promissory note drawn by a third person
in favor of the donor is invalid when dependent upon the
contingency of the donor's death: Hafer v. McKelvey,
23 Pa. Superior Ct. 202.

The burden in this case was upon the plaintiff to show
that there was a perfected gift and an intention upon
the part of the donor to make the gift then and there,
dependent upon no contingency whatever: Ashman's
Est., 223 Pa. 543; Hafer v. McKelvy, 23 Pa. Superior
Ct. 202; Scott v. Reed, 153 Pa. 14; Walsh's App., 122 Pa.
177.

*Orr Buffington,* with him *S. F. Clark,* for appellee.

Opinion by Mr. Justice Moschzisker, January 2,
1912:

The plaintiff sued the defendant estate to recover
on a promissory note payable to her order for two
thousand dollars, dated May 9th, 1905, and executed
by the decedent, C. W. Hawk.  The trial occurred
June 7, 1910.  The note was offered in evidence and
the signature of the maker proved.  The defense then
called the plaintiff for cross-examination.  She testified
that the maker was her son and that he gave her the
note about two years before the date of the trial; that
it was a gift to her; that there was nothing said be-
tween her and the donor as to when the note was to be

paid, but that she "understood" and "just supposed" that "after his death it was to be paid out of his estate." The trial judge submitted the case to the jury and charged: "If you are satisfied from the evidence in this case, that C. W. Hawk executed and delivered this note to his mother with the intention of making her a gift of $2,000, then you will return a verdict in favor of the plaintiff for the sum of $2,000, with interest from November 9, 1907. If you are not so satisfied or believe that the note was executed and delivered to her for some other purpose, and that she was not to collect it from him, then you will return a verdict for the defendant." The verdict was for the plaintiff. The defendant has appealed and assigns the charge of the court for error.

While this is a close case, we are not satisfied that error was committed in sending the issue to the jury or in the manner of its submission. The note itself was in the usual form; it was actually delivered to the plaintiff, and there was nothing in the testimony that required a finding that its payment was contingent upon the donor's death.

The plaintiff's declaration is upon the note and sets forth a copy of the instrument, but the affidavit attached thereto contains a statement that the money was advanced and loaned to the decedent. The appellant now contends that, since the testimony showed a gift of the note, the allegata and probata fail to agree. The point of variance was not raised at trial, there was no plea of surprise, and there is no assignment of error properly bringing it before us; but we will say, since the allegation of a loan occurs in the affidavit attached to the statement of claim and does not constitute an essential averment in the declaration, that we are not impressed with appellant's contention.

The assignments of error are overruled and the judgment of the court below is affirmed.