## Hanna's Estate.

*Decedents' estates—Distribution — Refusal — Evidence — Sufficiency—Check stubs—Admissibility—Witnesses—Interest.*

In an action to enforce the payment of a daughter's distributive share, in the estate of her deceased father, the testimony of two brothers that their sister had joined them in a family settlement, under which she and they had waived their claims in favor of their mother, and which is corroborated other evidence, is sufficient to sustain a refusal to make the distribution.

Brothers of the claimant's decedent are not incompetent to prove a family settlement whereby they had waived their claim in their father's estate. Since they would neither gain nor lose as a result of the decree they had no financial interest in the controversy. The interest which will disqualify a witness must be in the result of the particular suit.

Where the checks themselves are lost, check-book stubs which fit into the other evidence in the case, in a manner which could not occur unless they were contemporaneous entries, and which are shown to correspond with the accounts of the bank drawn upon, are admissible in evidence as part of the res gestæ, in confirmation of the oral testimony of witnesses.

Argued December 6, 1922. Appeal, No. 115, Oct. T., 1918, by Samuel Bell, from decree of O. C. Delaware County, No. 8740, dismissing exceptions to report of auditor in the estate of John Hanna, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to report of auditor. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed exceptions to the report and confirmed the finding of the auditor that the claimant's decedent had already received her distributive share. Samuel Bell appealed.

*Errors assigned* were the decree, quoting it, and the action of the court in dismissing various exceptions.

*John G. Kaufman,* for appellant.—The brothers were incompetent to prove a family agreement to which they were parties: Hunt's App., 100 Pa. 590.

Check book stubs are not competent proof of checks: Ramble v. Penna. Coal Co., 53 Pa. Superior Ct. 438.

*Joseph H. Hinkson* and *J. DeHaven Ledward,* for appellee.

OPINION BY HENDERSON, J., March 2, 1923:

This proceeding was brought in the orphans' court to enforce the payment of a distributive share of the estate of John Hanna which the appellant claimed as the legatee of his wife, Belle Hanna Bell, a daughter of the said John Hanna. The latter died intestate in March, 1907; his widow, Charlotte Hanna, filed her account as administrator in March, 1908. The account was confirmed on the 19th of May, 1908, showing a balance due to the estate. The accountant died February 5, 1916. On July 16, 1917, the claim of Belle Hanna Bell for her share of the personal estate left by her father was asserted. A defense was presented to the effect that soon after the account was filed, a meeting of the adult children of John Hanna and his widow was held at the office of David F. Rose, Esquire, attorney for the accountant, where it was agreed and arranged that the children present, of whom Mrs. Bell was one, would give to their mother their respective shares of the fund for distribution; the inducement thereto being the small amount of the estate and the known desire of their father that everything be left to his wife. Pursuant to this arrangement, as alleged, a check was prepared by Mr. Rose for the amount of the share of each of the children present, which check was signed by Charlotte Hanna, the administrator, and delivered to the person entitled thereto,

whereupon each of said persons endorsed the check so received and delivered the same to Mrs. Charlotte Hanna with the intention of vesting in her personally the share of personal estate to which the heir was entitled as shown by the account filed. An auditor was appointed to take testimony and report on the case as thus presented. After hearing the evidence, the auditor found that there was an agreement among the adult children of John Hanna that they would transfer to their mother their respective shares in the personal estate of their father; that this agreement was carried out by the delivery to each of said children of a check for the amount of the distributive share of that child signed by Charlotte Hanna, the administrator; and that each of these checks was endorsed by the payee therein and delivered to the said Charlotte Hanna, for the purpose of giving to her the respective shares of the children who were parties to the transaction; the inducement thereto being the affection of the children for their mother and the known wish of their father that his widow should have all of his estate—the whole of it being considered necessary for her proper support. The evidence taken strongly supported the claim of the respondents that the obligation of Charlotte Hanna as administrator of John Hanna to account to Belle Hanna Bell for the share of the latter in her father's estate had been discharged in the manner above recited; she having participated in the arrangement by giving to her mother by endorsement thereon and delivery the check which Mr. Rose prepared and which her mother signed and gave her for her distributive share. This evidence consisted of the testimony of two of her brothers, James Hanna and John A. Hanna, who were present and witnesses of the transaction, and were also participants in the arrangement of the giving to their mother of their respective shares of their father's estate. The checks were drawn on the Cambridge Trust Company, but they could not be found for use at the hearing by the auditor.

The check book stubs and the copy of the account of Mrs. Hanna in that bank were offered in evidence and these corroborated the testimony of James and John Hanna. There was offered in evidence on behalf of the claimant a letter dated February 22, 1916, addressed by Belle Hanna Bell to John Hanna, in which she expressed dissatisfaction with the manner in which her mother had disposed of her own (the mother's) estate by her will, in which she said among other things "I feel surely disappointed. I felt I should have got handed to me what amt. I signed over when Papa died and it would have been as little as Mama could do as to have left me a Rose St. house." This has evident reference to the transfer by Mrs. Bell of her share in her father's estate to her mother and is in effect an admission of the fact relied on by the appellees who are the executors of Charlotte Hanna's will. Objection was made to the competency of James Hanna and John Hanna as witnesses on the ground that Mrs. Bell, one of the parties to the transaction, was dead, but our attention has not been directed to any statute which disqualifies them. The thing in action was the right of the executor of Belle Hanna Bell to receive the distributive share of his wife in the personal estate of her father. Her brothers had no financial interest in the subject in controversy—they neither gained nor lost as a result of the decree. The interest which will disqualify a witness must be in the result of the particular suit: Lancaster National Bank v. Henning, 171 Pa. 399; Strause v. Braunreuter, 4 Pa. Superior Ct. 263. Each of the transactions of the children at Mr. Rose's office was an individual transaction. It was a personal delivery to the mother of the interest of the particular child. It is our opinion, therefore, that the witnesses were not legally incompetent. This being the case, the finding of the auditor is directly and specifically supported by sufficient evidence and this evidence is corroborated by the bank books and by the check stubs. It is alleged that the latter are not competent evidence

and this might be true in many circumstances, but taken in connection with the fact that the stubs appear in the handwriting of Mr. Rose with the appropriate amounts and at the date when the transaction was said to have taken place and correspond with the accounts of the bank, they are admissible as a part of the res gestæ. They fit into the other evidence in a manner which could not occur except on the theory that they were contemporaneous entries. These written documents and the statement above quoted from the letter of Mrs. Bell taken in connection with the lapse of time during which no right was asserted to the share in question give strong support to the conclusion of the auditor that Mrs. Bell gave her mother her share in her father's estate soon after the account was settled in the orphans' court. The amount was small—the whole estate was not large—and the expressed wish of Mrs. Bell to assist her mother are facts confirmatory of the contention of the respondents. The court below reached the same conclusion, and we are not convinced that a different result could be logically reached on the facts exhibited in the evidence.

The assignments are overruled and the decree confirmed at the cost of the appellant.