## Berger v. Nagle et al.

*E. H. Deysher* and *E. D. Trexler,* for rule.
*Wm. Abbott Witman, Jr.,* contra.

SHANAMAN, J., March 16, 1929.—Charles W. Berger and Verta M. Berger, his wife, suffered personal and property damage in an automobile collision. Each brought a separate suit for damages against Frank T. Nagle and Wilson Sarig, naming them as joint defendants, and charging them with joint negligence that caused the collision. Frank T. Nagle, one of the defendants, died before the trial, and Nellie B. Nagle, his administratrix, was substituted as a party defendant. Both suits were tried together. At the trial, plaintiffs opened their case by calling defendant Sarig as under cross-examination, and proceeded to question him as to the circumstances of the accident. Counsel for defendant Nagle objected to the competency of the witness to testify against the interest of the deceased defendant Nagle, and, being overruled, was granted an exception. Counsel for plaintiffs next called both plaintiffs in succession, and questioned them at length about the accident, to all of which counsel for defendant Nagle objected. Counsel for plaintiffs contended that plaintiffs were competent because, as between plaintiffs and the decedent, there was a surviving witness to the accident, Sarig, who had been called and had testified adversely to plaintiffs. The court overruled the objections and granted exceptions to defendant Nagle. Upon a motion for a non-suit, counsel for plaintiffs still pressed that the testimony of plaintiffs' witnesses was competent against both defendants, and the court submitted the case to the jury, who found a verdict for both plaintiffs against both defendants.

The Act of June 11, 1891, P. L. 287, provides, *inter alia*, as follows: ". . . nevertheless, any surviving or remaining party to such thing or contract, or any other person whose interest is adverse to the said right of such deceased or lunatic party, shall be a competent witness to any relevant matter, although it may have occurred before the death of said party or the adjudication of his lunacy, if, and only if, such relevant matter occurred between himself and another person who may be living at the time of the trial and may be competent to testify, and who does so testify upon the trial, against such surviving or remaining party or against the person whose interest may be thus adverse, or if such relevant matter occurred in the presence or hearing of such other living or competent person."

While plaintiffs' rather ingenious course brought them within the above language, we think the case of Cake *v.* Cake, 162 Pa. 584, supports defendant's objections. In that case, plaintiff, an executor, was called by defendant as on cross-examination, and while upon the stand, upon interrogation of his counsel, explained matters about which he had been cross-examined. Defendant contended that, under the Act of 1891, this opened the door for the testimony of the defendant. The court said, at page 585: "Certainly, the living witness whose testimony is to make competent the surviving or remaining party to the record must be called in the interest of and by the party representing the right of the deceased. The calling of such witness by the adversary could not have been in contemplation of the legislature. It was not the intention of that act to provide so sure and easy a method of removing the bar of incompetency."

In Robbins *v.* Farwell, 193 Pa. 37, the court said, at page 43: "Here, J. E. Moore was called by Farwell, who testified to a conversation between Noyes and Farwell establishing the parol contract; but this did not render Farwell competent, because Moore was not adverse, but a witness called by himself." Patterson *v.* Hughes, 236 Pa. 315, 318, is in accord.

Moreover, Sarig himself was not competent when called by plaintiffs as against Nagle. The verdict might have acquitted or convicted both defendants, in either of which cases Sarig and Nagle were not adverse to each other; but the verdict might also acquit Sarig and convict Nagle of negligence. See Act of June 29, 1923, P. L. 981. Sarig's interest, therefore, as co-defendant with Nagle, was opposed to that of Nagle. If his testimony produced a judgment in favor of the plaintiffs and against Nagle alone, he (Sarig) was the gainer thereby. Therefore, he was not only a "surviving or remaining party to such thing" (Act of May 23, 1887, § 5, cl. *(e)*, P. L. 158), the "thing" in this case being the collision (Irwin *v.* Nolde, 164 Pa. 205; Lockard *v.* Vare, 230 Pa. 591), but he was also a "person whose interest shall be adverse to the said right of such deceased . . . party:" Section 5, cl. *(e)*, *supra*. If merely a surviving party to the transaction, Sarig could testify to it (Hanna's Estate, 81 Pa. Superior Ct. 159, 162), but, having an interest adverse to that of decedent, he was incompetent. Neither of the defendants is entitled to judgment *n. o. v.*, for the reason that the testimony, properly admitted, would support a verdict against them. The cause must be retried. The presence or absence of negligence on the part of each and all of the three drivers was involved in the testimony, and we feel that a just determination of the case will be best attained by retrying the entire issue between the parties.

And now, to wit, March 16, 1929, defendants' rules for judgment *n. o. v.* are dismissed and their rules for a new trial are made absolute.

From Charles K. Derr, Reading, Pa.