Guadiere *v.* Simeone, Appellant.

Argued October 7, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Josephine Biondo Lippi,* for appellant.

*Charles P. Mirachi,* for appellee.

OPINION BY KELLER, P. J., December 15, 1942:

This is an appeal by an illiterate Italian woman, who does not speak English and can neither read nor write Italian, or even sign her name, from an order of the

court below discharging a rule, granted on her petition, to open a judgment entered by confession on a warrant of attorney in a non-negotiable note under seal for $500, signed by her mark. The note was dated July 1, 1938 and was payable to the order of Michael Guadiere, one day after date. Her mark was witnessed by Emilio Guariglia and Isadoro Rapisardo.

The petition to open the judgment was filed November 4, 1940, and, as amended, it averred that defendant's signature by mark was obtained under compulsion and through force, fear and duress; and that the plaintiff gave no consideration, good or valuable, for the note; that she was never indebted to plaintiff and that he had never at any time given her any money.

Had the plaintiff in his answer frankly averred that the judgment note was a gift from the defendant to him, made and delivered to him of her voluntary free will and without any force, duress or compulsion (see *Balliet v. Fetter's Exr.*, 314 Pa. 284, 171 A. 466; *Ross's App.*, 127 Pa. 4, 17 A. 682; *Hawk v. Maxler*, 233 Pa. 337, 82 A. 465) it would have been difficult to make out a case justifying the opening of the judgment; for the evidence of the subscribing witness, Guariglia, who prepared the note and signed her name, to which she made her mark, was to the effect that he had explained to her just what she was doing and that she understood its meaning and effect.

But the plaintiff did not do this. Instead, he filed an answer in which he denied that her signature was obtained under compulsion and through constraint by force, fear or duress and averred on the contrary that her signature by mark was voluntary and for good and valuable consideration; that the said judgment note was freely executed and delivered by the defendant to him to secure the payment of a loan made by him to her, which loan was used to pay the costs of repairs

made and materials furnished to her property, 1828 South Juniper Street, Philadelphia.

And testifying, by way of depositions taken under the rule, plaintiff swore that the note had been given to him by Mrs. Simeone (the defendant) "Because I always loaned her money ...... to repair her home"; that he had advanced her $90 to buy the home, and in addition had paid repair bills for her approximately $900; that she had never paid back any of this money, but gave this judgment note for $500 to cover the money so advanced by him to her. The question of an executed gift, therefore, is not in the case.

A cursory reference to the face of the note, in connection with the evidence as to her purchase of 1828 South Juniper Street, would have shown the utter falsity of his story.

This note was signed the day of its date, July 1, 1938. The property No. 1828 South Juniper Street was purchased by her nearly five months later—the deed was delivered November 29, 1938—and the repairs were made by her after the deed was delivered.

The evidence is convincing that Mrs. Simeone, following her divorce from her husband in 1935 or 1936 had received from him about $1300 by way of a settlement; that out of this money she bought and paid for the house 1828 South Juniper Street and borrowed $500 from Isadoro Rapisardo to make the repairs which cost $400 or $500; that the plaintiff, Guadiere, tried to induce Emilio Guariglia, the real estate agent through whom the house was purchased, to make the deed in the joint names of the plaintiff and defendant, but that the agent, knowing that Mrs. Simeone had paid the purchase price, refused to draw the deed in their joint names.

The testimony also tends to show that Guadiere, the plaintiff, was the cause of the divorce between Mrs. Simeone and her husband; that he lived with her fol-

lowing her divorce and was supported by her; that she worked and earned the money on which they lived; that he did not even pay her for his board and lodging; that she turned over to him the money left to her from her settlement and the money borrowed from Rapisardo, and whatever repair bills, etc., he paid for her were paid out of her funds in his possession; that he attended to such affairs for her because she was illiterate.

In our opinion, Guadiere's testimony was wholly untrustworthy and entitled to no credence at all.

Mrs. Simeone's testimony, supported by her father's and daughters', likewise tended to show that she was completely under Guadiere's domination; that he was violent and abusive, and humiliated her by bringing other women into her home and threatened injury to her and her family if she left him or made any protest or objection to his conduct.

While we are satisfied that no outward force or compulsion was employed by Guadiere at the *immediate* time of the signing of the note, we are of opinion that in the light of all the testimony and having regard to the utter worthlessness of the plaintiff's testimony, it is a question for a jury to decide whether the circumstances leading up to the visits to Guariglia's office were such as to show that duress had shortly before been exercised by Guadiere in obtaining defendant's consent to the execution and delivery of the note and that the note was signed while she was still under his dominance; and that the refusal of the court below to open the judgment amounted to an abuse of legal discretion.

Order reversed, and the rule to open the judgment is reinstated and made absolute.

ORDER REFUSING RE-ARGUMENT, KELLER, P. J.:

January 12, 1943. The petition for a re-argument

is refused. The judgment of this Court was not based on the *extracts* from the record which appeared in the appellant's paper book, but on the original record itself on file in the Prothonotary's office. None of the exhibits, receipts, etc. produced at the taking of the depositions, except the original judgment note, were attached to the depositions in the record, nor were copies of them so attached; nor did the record contain the depositions "contra petition and rule to open judgment", a copy of which accompanied the petition for re-argument. We are not concerned now with what the plaintiff in the judgment may be able to prove on the trial in the court of common pleas, held pursuant to the opening of the judgment, but only with what was proved on the proceedings to open the judgment and contained in the record before us. From the above statement, it is evident that a trial conducted in court by an experienced judge will be more conducive to the attainment of a just result than a re-argument based on additional depositions.