### TITLE GUARANTY & SURETY CO. v. KLEIN.

(Circuit Court of Appeals, Third Circuit. October, 1909.)

#### No. 54.

USURY (§ 29*)—LOAN ON BONDS—COMMISSION—"INTEREST"—"FORBEARANCE."
   Payment of a commission of more than 6 per cent. for a loan of government bonds which are subject to market fluctuations and are bought and sold on the market as other securities was not in violation of the New York usury law, prohibiting the payment of more than 6 per cent. interest for the loan or forbearance of any money, goods, or any other things in action, and did not render the loan usurious, since the terms "interest" and "forbearance," as used in the usury law (Consol. Laws, c. 20, § 373), are applicable only to a loan of money.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. § 73; Dec. Dig. § 29.*
   For other definitions, see Words and Phrases, vol. 4, pp. 3706–3709; vol. 3, p. 2868.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Emil Klein, to the use of George Baglin, against the Title Guaranty & Surety Company. Judgment for complainant (166 Fed. 365), and defendant brings error. Affirmed.

Alexander Simpson, Jr., for plaintiff in error.

Dean Emery, R. Stuart Smith, and C. E. Morgan, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. This case arose out of the same state of facts as those that have been recited in the case of this plaintiff in error against George Baglin (No. 55, October Term) 178 Fed. 682, and it has been agreed between counsel that the facts set forth in the record of that case, so far as they are relevant, will be considered as part of the record in this case.

Linderman and the plaintiff in error, the surety company, occupied positions in this transaction similar to those that they occupied in the

Baglin Case, and in each instance the plaintiff below was acting on behalf of F. A. Heinze, and in both cases the transaction had to do with the loan of government bonds. But, as pointed out in the brief of defendant in error, the transaction between Klein and Linderman was a straight loan of United States 3's, due in 1908, and the loan itself was the first step in any transaction between Klein and Baglin. It had nothing whatsoever to do with the proceeds of any note discounted by the Metropolitan Trust Company, or otherwise. In short, Linderman desired financial assistance, and on application to Heinze, the latter arranged to have Klein, his representative, loan Linderman United States 3 per cent. bonds, upon condition that Linderman should give a surety company undertaking for their return, and there was no question of any extension of Linderman's time to perform his contract to return the bonds. The whole transaction, and the only transaction, between plaintiff and defendant is, as set forth in the bond in suit, signed and sealed the 1st day of August, 1907, in which Linderman, as principal, and the defendant company, as surety, were bound in the usual form in the sum of $30,000, to be paid to Klein, the plaintiff. The recital and condition of said bond is as follows:

"Whereas, the said Emil Klein has loaned, or is about to loan, to Garrett B. Linderman, United States government 3's coupon bonds due 1908, of the par value of thirty thousand dollars, a true and correct list whereof is hereto attached marked 'Exhibit A' and made part hereof; and

"Whereas, the said Garrett B. Linderman has promised and agreed to return to the said Emil Klein the aforementioned securities, on or before the fourth day of November, 1907.

"Now the condition of this obligation is such, that if the said Garrett B. Linderman, his heirs, executors, administrators, successors or assigns, shall and do return to the said Emil Klein, his executors, administrators and assigns, the above-mentioned securities on or before the fourth day of November, 1907, then this obligation shall be void; otherwise to remain in full force and virtue."

As in the Baglin Case, the surety company was paid a fee or commission for this undertaking, and received a deposit of stock from Linderman, as collateral indemnity thereto. The same questions were raised in the argument of this writ of error as were raised in the Baglin Case, and need not be again discussed.

An additional question, however, is presented by the plaintiff in error's contention, that the New York law on the subject of usury makes the claim void. This contention is founded upon the following finding of fact by the trial judge:

"A question peculiar to this suit remains to be considered. When the United States 3's were delivered, Linderman paid the sum of $900 to Klein, and this money was afterwards paid to Heinze. It included 1½% interest for three months upon the par value of the government bonds, and 1½% commission, and the defense is set up that the payment of the commission was usurious and made the whole transaction invalid. The New York statute upon the subject of usury is as follows:

"'Sec. 5. All bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever (except bottomry and respondentia bonds and contracts), and all deposits of goods or other things whatsoever, whereupon or whereby there shall be reserved or taken, any greater sum or greater value, for the loan or forbearance of any money, goods, or other things in action, than is above prescribed' (that is, six per cent. interest) 'shall be void.'" Consol. Laws, c. 20, § 373.

As pointed out by the learned trial judge, it is argued in support of this point that, if the loan of United States bonds, the return of which is guaranteed by the defendant, was usurious, and Linderman's contract for the return of the same therefore void, the collateral contract of the surety company was also void, though it had been paid $300 for its undertaking, which was further secured by the personal liability of Linderman, and the deposit by him of stock securities whose face value was greater than the amount of the bond.

Passing any question that might be raised as to the effect of the New York usury law on the secondary obligation of the defendant, we note the fact commented on by the trial judge, that, by the bond in suit, the defendant guaranteed that Linderman would return certain named securities, called United States 3's, on a specified day, and that the contract by which Linderman was bound, imposed no other obligation upon him. It has long been well settled by the decisions of the court of last resort in the state of New York, as well as elsewhere, that such usury laws are applicable only to a loan of money, and that the terms "interest" and "forbearance" cannot be predicated of anything other than a loan of money. It has never been doubted that such securities as those with which we are here concerned, and all other forms of obligation for the payment of money can be bought and sold at any discount greater than the prescribed rate of interest, without contravening the usury laws, provided always that the transaction is in good faith, and not a mere cloak or device for covering a usurious contract, and when it is asserted that the transaction was intended as such cloak or device, such intent must be satisfactorily proved by the party asserting it. Not only is there no evidence of such intent disclosed by the record in this case, but the contrary clearly appears, both from the testimony in the present case and from that in the Baglin Case, which has been stipulated into this record. The United States bonds that were the subject of this loan were bought and sold on the market, and though in market parlance "gilt edged," they were undeniably subject to fluctuation, and for that reason, among others, were not to be regarded as a loan of money, or within the purview of the usury laws.

Klein himself, cashier of a national bank, testified that the fluctuation on these bonds amounted to two or three points in 1907, the year in which they were loaned. There can be no question that the plaintiff would have been obliged to accept these or similar bonds, even if their market value had depreciated.

We have no difficulty in agreeing with the learned trial judge in his conclusion that the loan of these bonds, under the circumstances disclosed by the evidence, did not constitute a usurious transaction, within the meaning of the New York statute in that behalf.

The judgment of the court below is therefore affirmed.