WILLIAM C. HAYES & another *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

SAME *vs.* SAME.

Hampden.    September 22, 1927. — October 17, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Tax,* On income. *Interest.* *Sale,* Conditional. *Statute,* Construction.

A tax statute is to be strictly construed; the right to tax must be found within the letter of the law; it is not to be extended by implication beyond the clear meaning of the language used.

Upon a complaint for an abatement of an income tax, it appeared that the complainant was engaged in selling merchandise, mostly clothing, by the use of credit orders. Customers who desired to purchase clothing were given written orders on certain retail stores, the complainant agreeing to pay the storekeeper. The customers signed conditional sales agreements. The clothing was to remain the property of the complainant until paid for, and the customer was to pay interest "on any sums that shall not be paid when due." The goods were billed to the complainant, a discount of fifteen per cent from the "regular prices" being allowed by the retail stores to the complainant. The complainant added ten per cent to the regular store prices for his selling price to his customers. The complainant's income was made up of the fifteen per cent discount and the ten per cent charge in advance of "the regular prices." The goods were delivered to the customers at the storekeeper's place of business, and not at the complainant's place of business. *Held,* that a tax should not be assessed upon the ten per cent added by the complainant to "the regular price" on the ground that it was interest under G. L. c. 62, § 1 (a).

COMPLAINTS, filed in the Superior Court on March 26, 1926, for abatement of income taxes.

The complaints were heard by *Callahan,* J., without a jury, upon facts agreed upon. The material facts are stated in

the opinion. The judge found for the respondent and reported the cases to this court for determination, upon the stipulation that, if the "complainants were entitled to recover at all, the findings should have been for $656.76 on the complaint as to the 1924 tax and $380.98 as to the 1925 tax with interest on both amounts from October 23, 1925."

*H. E. Allen,* for the complainants.

*G. J. Callahan,* Assistant Attorney General, for the respondent.

CARROLL, J. These are complaints for abatement of taxes assessed upon the petitioners as additional taxes for the years 1924 and 1925.

The complainants were "engaged in . . . selling merchandise, mostly clothing, by the use of credit orders." Customers who desired to purchase clothing were given written orders on retail stores in Springfield, the complainants agreeing to pay the storekeeper. The customers signed conditional sales agreements. The clothing was to remain the property of the complainants until paid for, and the customer was to pay interest "on any sums that shall not be paid when due." The goods were billed to the complainants, a discount of fifteen per cent from "the regular prices [was] allowed by the retail stores to the complainants" and the complainants added ten per cent to the regular store prices. The complainants' income was made up of the fifteen per cent discount and the ten per cent charge in advance of "the regular prices."

The complainants contend that they should be taxed at one and one half per cent on their income, under G. L. c. 62, § 5 (b). They were assessed at the rate of six per cent under G. L. c. 62, § 1(a) on the ten per cent price added to the store price. The respondent contends that this ten per cent is "interest" and taxable as such under the statute at six per cent.

The tax commissioner has ruled that "Persons in the business of loaning money in the form of credit orders for merchandise are taxable at the rate of six per cent . . . upon the charge made to the customer for the accommodation in excess of the purchase price of goods bought by the

customer under the credit order" and at "the rate of 1½ per cent upon the discount allowed them by the merchant who delivers the goods to the customer." Under § 1(a) of G. L. c. 62, a tax at the rate of six per cent is authorized upon "Interest from bonds, notes, money at interest and all debts due the person to be taxed," and under § 5 (b) a tax at the rate of one and one half per cent is authorized upon income over $2,000 "derived from professions, employments, trade or business."

A tax statute is to be strictly construed. The right to tax must be found within the letter of the law; it is not to be extended by implication beyond the clear meaning of the language used. *Martin L. Hall Co.* v. *Commonwealth*, 215 Mass. 326, 329. *Hill* v. *Treasurer & Receiver General*, 229 Mass. 474, 475.

The respondent argues that the advance price of ten per cent is interest within the meaning of the statute. We do not agree with this contention. The word interest in its usual sense is the compensation fixed by the parties or allowed by law for the use of money or as damages for its detention; see *Granger* v. *Pierce*, 112 Mass. 244, 246; *Cochran* v. *Boston*, 211 Mass. 171, 173. The ten per cent added to the ordinary store price was not interest. It was a part of the credit price at which the clothing was sold to the purchasers, and upon which entire price the customer was to pay interest according to the agreement of purchase. The complainants had the legal right to fix the price at which the goods would be sold. The fact that the clothing was not delivered at the complainants' place of business, but at the merchant's store, is insufficient to show that the ten per cent in excess of the purchase or regular price was interest, as that term is used in the tax statute. The principal of the debt was the price which the customers agreed to pay the complainants; no part of this was interest. The clothing would naturally wear out and deteriorate by use, it might be lost or taken beyond the reach of the complainants, and they might be put to the expense of collection. On account of these things they might see fit to make a price in excess of the cash or regular price. Under the rule by

which the accrual of interest is stopped by a tender of the amount due, no part of the credit price agreed upon, including the ten per cent advance, would be considered as interest; it would be a part of the principal of the debt.  See in this connection *Tuttle* v. *Tuttle*, 12 Met. 551; *French* v. *Bates*, 149 Mass. 73.

In *Parker* v. *Coburn*, 10 Allen, 82–84, an action of contract to recover $600 balance due for a tract of land, the testator purchased the land "for $1500 in cash, and '$500 and $100 for interest on it.'"  In the opinion it was said by Gray, J.: "The sum of $100, though called 'interest,' was not paid for a loan of money, but was a part of the purchase money which the defendant at the time of the bargain agreed to pay."  In the case at bar there was no finding that the ten per cent was paid for a loan.

We assume that the tax commissioner could analyze the income from trade and business, and tax so much of it as was interest at six per cent under G. L. c. 62, § 1, and the balance at one and one half per cent, see *Goldman* v. *Tax Commissioner*, 230 Mass. 554, 556, see now G. L. c. 62, § 1(a), Fourth.  Facts may exist showing that a part of the so called price is in reality interest and taxable as such under the statute, but there is nothing in the reported facts from which, in our opinion, it can be inferred that the ten per cent advance was income from interest under G. L. c. 62, § 1(a). As the ten per cent became a part of the price at which the goods were sold, it was not interest, on the facts appearing in the record.  The amount of $656.76 on the 1924 tax and $380.98 on the 1925 tax is to be repaid the complainants, with interest from October 23, 1925.

*So ordered.*