## Balliet *v.* Fetter, Executor, Appellant.

Argued January 30, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Calvin E. Arner*, with him *George M. Lutz*, for appellant.—The witness did not qualify as a subscribing witness: Schomaker v. Dean, 201 Pa. 439; Stewart's Est., 309 Pa. 204.

The note was not given for valuable consideration: Kern's Est., 171 Pa. 55; Piper v. Queeney, 282 Pa. 135; Jeffers v. Babis, 304 Pa. 281.

A promissory note is not a subject of a gift inter vivos: Campbell's Est., 7 Pa. 100; Waynesburg College App., 111 Pa. 130; Walsh's App., 122 Pa. 177; Kern's Est., 171 Pa. 55; Allshouse's Est., 304 Pa. 481; Elliott's Est., 312 Pa. 493.

A seal to a negotiable instrument does not preclude the defense of want of consideration: Zimmerman v. Zimmerman, 262 Pa. 540; Gordon v. Bank, 308 Pa. 323.

If a seal is not required, or has no effect, it may be disregarded: Ottman v. Nixon-Nirdlinger, 301 Pa. 234; Dick v. McWilliams, 291 Pa. 165.

*Fred B. Gernerd*, for appellee.—All the legal elements of a gift inter vivos have been fully complied with.

The instrument in question is a judgment demand note under seal containing thereon a confession of judg-

ment and is the subject of a gift inter vivos: Mack's App., 68 Pa. 231; Hummel's Est., 161 Pa. 215; Candor's App., 27 Pa. 119; Ross's App., 127 Pa. 4; Hawk v. Maxler, 233 Pa. 337; Garman v. Garman, 41 Pa. C. C. R. 282.

An instrument under seal imports a valid consideration: Geiselbrecht v. Geiselbrecht, 8 Pa. Superior Ct. 183; Henderson's App., 27 Pa. 119.

The Negotiable Instruments Act of 1901 does not affect the validity of the note in question as a gift inter vivos.

The note in question with its express statement of liability falls clearly within the Uniform Written Obligations' Act of May 13, 1927.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 19, 1934:

In this action of assumpsit plaintiff sought to recover from defendant, executor of the estate of Cora Agnes Fink, deceased, the amount of a negotiable judgment note, payable on demand. The instrument was under seal and bore a date several months previous to the maker's death. There was no consideration for the note, it being intended as a gift. The only question of fact was the authenticity of the signature, and this was resolved in plaintiff's favor by the verdict of the jury. The subscribing witness testified that, although he did not see the note executed and decedent did not expressly acknowledge her signature to him, he signed in her presence and at her request. The note was attested in the bedroom of the maker at a time when she was ill and confined to her bed. John Cook, the witness, was requested to call at her residence about eight-thirty o'clock in the evening. A short time after his arrival decedent said to him: "John, you witnessed my will this morning, and I want you to witness a note that I am giving George Balliet." Cook testified that he read and witnessed the note, which was then returned to Miss Fink and by her

handed to plaintiff with the words: "George that belongs to you, I am giving you that."

Defendant, who has appealed, contends that Cook was not in fact an attesting witness and was not properly qualified to verify the maker's signature; to this contention we do not agree. "It is not necessary that [the witness] should have actually seen the party sign, nor have been present at the very moment of signing; for, if he is called in immediately afterward, and the party acknowledges his signature to the witness, and requests him to attest it, this will be deemed part of the transaction, and therefore, a sufficient attestation": Huston v. Ticknor, 99 Pa. 231, 239. The court below properly ruled it was not necessary that the acknowledgment be an express statement that the signature was made by the maker, and (in the words of the learned trial judge) "it is sufficient if from all the surrounding circumstances a reasonable mind can reach the conclusion that the signature was that of the purported maker. This was the question submitted to the jury and it has found that decedent signed the note in suit."

Appellant also argues that the note being negotiable, although under seal, falls within section 28 of the Negotiable Instruments Act of 1901, which provides that "absence or failure of consideration is a matter of defense as against every person not a holder in due course." This contention is based upon the proposition that, since section 6 of the act, supra, provides that "the validity and negotiable character of an instrument are not affected by the fact that......[it] bears a seal," all negotiable instruments, whether sealed or not, are governed by the provisions of the act relating to consideration. In other words, appellant would have us treat the seal as mere surplusage and of no meaning so far as importing a consideration is concerned. The question is apparently new in this jurisdiction but has been decided in appellant's favor elsewhere. See Citizens Nat. Bank v. Custis, 153 Maryland 235; 53 A. L. R. 1165.

In this State sealed instruments have always been recognized as being of especial validity and sanctity. Although formerly not negotiable because of the legislative mandate as to the form required for assignment of specialties (Folwell v. Beaver 13 S. & R. 311), agreements under seal were not subject to the defense of want of consideration. As early as Yard v. Patton, 13 Pa. 278, it was definitely settled that the presence of a seal was not merely presumptive evidence of consideration, but actually imports a consideration, and a host of cases extending down to Killeen's Est., 310 Pa. 182, have followed this rule. To accept appellant's contention, we would have to sweep aside the principle enunciated in this long line of cases merely because the Negotiable Instruments Law provides that an instrument under seal may be negotiable. We agree with the court below that "the act imparted negotiability to sealed instruments notwithstanding the seal; it did not destroy the significance of the seal."

As a further reason for sustaining the judgment for plaintiff, the opinion of the learned judge of the court below refers to the provisions of the Uniform Written Obligations Act (May 13, 1927, P. L. 985). Appellant asserts the act does not embrace negotiable instruments and is unconstitutional for indefiniteness of title. There is no substance in this argument and it need not be discussed.

The assignments of error are overruled and the judgment is affirmed.