MARGUERITE DEL RIO, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

136

(Argued October 7, 1935; decided November 19, 1935.)

*Ralph Earl Prime, Jr.,* and *A. J. Prime* for appellant. As named beneficiary plaintiff's rights under the policy in suit were merely contingent. Assuming that she was a " donee beneficiary," her rights against the defendant were governed by the contract made with the insured. (*Mallon* v. *Prudential Ins. Co.,* 5 Fed. Supp. 290; *Stahel* v. *Prudential Ins. Co.,* 249 N. W. Rep. 713; *Travelers' Ins. Co.* v. *Healey,* 25 App. Div. 53; *Levy's Estate* v. *Commissioner of Internal Revenue,* 65 Fed. Rep. [2d] 412; *Ruckenstein* v. *Metropolitan Life Ins. Co.,* 263

N. Y. 204.) Defendant had neither the power nor the duty to deduct from the "contractual" policy loan applied for by the insured on December 6, 1929, the quarterly premium falling due on December 9, 1929. (*Silverman* v. *N. Y. Life Ins. Co.*, 66 Fed. Rep. [2d] 554; *Massachusetts Mut. Life Ins. Co.* v. *Jones*, 44 Fed. Rep. [2d] 540.; *Guilford-Chester Water Co.* v. *Town of Guilford*, 107 Conn. 519; *Kansas City Life Ins. Co.* v. *Hislip*, 154 Okla. 42; *Rogers* v. *Columbia Nat. Life Ins. Co.*, 213 N. W. Rep. 757; *Goodwin* v. *Massachusetts Mut. Life Ins. Co.*, 73 N. Y. 480; *Tyson* v. *Equitable Life Assur. Society*, 144 Ga. 729.) The right of the insured to a loan "on the sole security" of the policy was contractual. (*Lipman* v. *Equitable Life Assur. Society*, 58 Fed. Rep. [2d] 15; *Pequot Mfg. Corp.* v. *Equitable Life Assur. Society*, 253 N. Y. 116.)

*Bern Budd* and *Kenneth C. Quencer* for respondent. The statutory provision is mandatory and is conclusively deemed to have been written in the contract. (Cons. Laws, ch. 28, § 101; *Bakker* v. *Ætna Life Ins. Co.*, 264 N. Y. 150; *People* v. *Metropolitan Surety Co.*, 211 N. Y. 107; *New York Life Ins. Co.* v. *Dodge*, 246 U. S. 357; *American Ins. Union* v. *Lowry*, 62 Fed. Rep. [2d] 209; *Hollin* v. *Essex Mut. Benefit Assn.*, 88 N. J. L. 204; *Equitable Life Ins. Co.* v. *Borner*, 182 N. E. Rep. 463; *Federal Life Ins. Co.* v. *Relias*, 185 N. E. Rep. 319; *First Texas State Ins. Co.* v. *Smalley*, 228 S. W. Rep. 550; *Guardian Trust Co.* v. *Straus*, 139 App. Div. 884; 201 N. Y. 546; *New York Life Ins. Co.* v. *Cravens*, 178 U. S. 389; *Northwestern Life Ins. Co.* v. *Riggs*, 203 U. S. 243.) The contractual provisions of the policy itself postulate the deduction of the current premium before making the loan. (*Matter of Hayes*, 252 N. Y. 148; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51.) The plaintiff, the beneficiary under the policy in suit, has the right to an enforcement of the policy according to its terms.

(*Anderson* v. *Northwestern Mut. Life Ins. Co.*, 261 N. Y. 450; *Brown* v. *Life Ins. Co. of Virginia*, 114 S. C. 202; *Deal* v. *Deal*, 87 S. C. 395; *Arnold* v. *Empire Ins. Co.*, 3 Ga. App. 685; *Roberts* v. *N. W. Nat. Life Ins. Co.*, 143 Ga. 780; *Indiana Nat. Life Ins. Co.* v. *McGinnis*, 180 Ind. 9; *Holder* v. *Prudential Ins. Co.*, 77 S. C. 299; *Lloyd* v. *Royal Union Mut. Life Ins. Co.*, 245 Fed. Rep. 162; *Sullivan* v. *Maroney*, 76 N. J. Eq. 104.) The insured was misled by the appellant's wrongful act in failing to deduct from the loan the overdue quarter-annual premium. (*Ruckenstein* v. *Metropolitan Life Ins. Co.*, 263 N. Y. 204; *Meyer* v. *Knickerbocker Life Ins. Co.*, 73 N. Y. 516; *Wyman* v. *Phœnix Mut. Life Ins. Co.*, 119 N. Y. 274; *Kenyon* v. *Knights Templar Masonic Mut. Aid Assn.*, 122 N. Y. 247; *Insurance Co.* v. *Eggleston*, 96 U. S. 572.)

HUBBS, J. This action is upon an ordinary life insurance policy issued by appellant upon the life of Raymond R. Del Rio for $5,000 and dated September 9, 1925. The respondent, his wife, was named as beneficiary. The insured died on March 1, 1930, as the result of an accident. The policy provided for the annual payment of a premium of $65.95 on or before September 9 of every year following its date until five full premiums had been paid. The date of premium payments was changed by consent so that thereafter premiums were to be paid $17.50 quarterly on or before the 9th day of September, December, March and June.

The defense relied upon by appellant is that the policy had lapsed prior to the death of the insured. The policy provided that it would lapse and become void in case of any default in premium payment; also that " payment of any premium shall not maintain [it] in force beyond the date when the next payment becomes due, except as to the benefits provided for herein after default in premium payment."

Provisions were also contained in the policy entitling the insured, at his election in the event that the policy lapsed for non-payment of any premium, to a "non-participating * * * term policy" or to receive in cash the cash surrender value of the policy. The policy provided that " the insured may borrow from the company, without the consent of the beneficiary " upon the sole security of the policy.

On December 6, 1929, the insured made application in writing to the company for a loan on the policy for the maximum amount which could be loaned thereon. On December 11 the loan was made for $32, the full amount within a few cents of the then loan value of the policy reserve. At that time the loan value of the policy reserve would have automatically put in force for 252 days a paid-up term policy as provided by the terms of the policy.

It is the contention of the appellant that the application of the full loan value and policy reserve to the cash loan made on the sole security of the policy, and the assignment of the policy to the company prevented any extended insurance beyond the grace period of thirty days which expired on January 9, 1930, and that, therefore, the policy had lapsed. In other words, that the insured, by receiving in cash the maximum loan value and reserve, received all that he could receive under the policy and nothing was left with the company which would constitute a consideration for an extended term insurance of 252 days or any other term, and that the policy had lapsed before the insured met his death on March 1, 1930.

The respondent bases her right to recover upon subdivision 7 of section 101 of the Insurance Law (Cons. Laws, ch. 28), as amended by Laws of 1922, chapter 275, in effect when the policy was issued. The statute provides for standard policies which must in substance contain: "A provision that after three full years' premiums have been paid, the company at any time, while the policy is in force, will advance * * * a sum equal

to, or at the option of the owner of the policy less than, the reserve at the end of the current policy year on the policy and on any dividend additions thereto * * *; and that the company will deduct from such loan value any existing indebtedness on the policy and any unpaid balance of the premium for the current policy year, and may collect interest in advance on the loan to the end of the current policy year; which provision may further provide that such loan may be deferred for not exceeding six months after the application therefor is made." (§ 101, subd. 7.) Also, in the last paragraph,

"A policy * * * issued in violation of this section, shall nevertheless be held valid but shall be construed as provided in this section, and when any provision in such policy * * * is in conflict with any provision of this section, or of any other statutory provision, the rights, duties and obligations of the insurer, the policy holder and the beneficiary shall be governed by the provisions of this section." (§ 101.)

Concededly, the insured did not pay the quarterly premium which became due on December 9, 1929, or within the thirty-day grace period thereafter, although due notice that the quarterly premium payment would fall due on December 9 was mailed to the insured by the company and received by him.

Thus far it has been decided that the statutory provision requiring the deduction of the current yearly premium from any amount loaned on a policy is conclusively deemed to have been a part of the insurance contract and that the provision is mandatory; that as such provision of the statute was a part of the contract, the respondent, the beneficiary under the policy, has a right to the enforcement of the contract according to its terms and that insured was misled by the act of the company in failing to deduct from the loan the overdue quarterly premium which became due on December 9, 1929.

We think that an erroneous construction has been given the policy. At the time the loan was made, one quarterly payment of $17.50 had been made on the current yearly premium. The yearly premium was $65.95. The " unpaid balance of the premium for the current policy year " was, therefore, $52.50. The loan value of the policy at the time was $32, not sufficient in amount to pay the " unpaid balance of the premium for the current policy year." Under the construction thus far given the policy, the company was legally prevented from making any loan on the policy. The same section, by subdivision 7, provides " that after three full years' premiums have been paid, the company at any time, while the policy is in force, will advance * * * a sum equal to * * * the reserve at the end of the current policy year." That reserve was $32. That amount the company by statute was bound to advance (less two and one-half per cent as stated in the subdivision). Of course, it could not advance it if it was required to deduct the unpaid balance of the current annual premium.

As the wording of the statute creates a situation in which all of its provisions cannot be complied with, we are required to give it such a construction as will, as nearly as possible, preserve the purpose for which it was enacted. We think that in cases where three full years' premiums have been paid and an application is made for a loan for the maximum loan value of a policy, and the loan value is less than the " unpaid balance of the premium for the current policy year," the provision to the effect that " any unpaid balance of the premium for the current policy year " shall be deducted from the loan, is nugatory, and the company may make the loan for the maximum amount of the loan value of the policy, and the effect of making such a loan will not prevent the lapsing of a policy in the event that the premium is not paid, according to the terms of the policy.

The company was compelled to comply with the statute requiring it to make the loan after three full years' premiums had been paid. The fact that it could not deduct from the loan value of the policy the " unpaid balance of the premium for the current policy year," because the loan value of the policy was less than the balance of the premium for the current year, did not excuse it from making the loan. It complied with the provisions of the statute as far as it was able to do so.

The respondent contends that, in any event, the company should have deducted the $17.50 quarterly payment due at the date of the loan from the amount of the loan, as such sum constituted an indebtedness to the company within the meaning of subdivision 7 of section 101 of the Insurance Law. If such sum had been deducted in payment of the quarterly payment due December 9, 1929, such payment would have kept the policy alive and in full force until March 9, 1930, which was after the death of insured and respondent would be entitled to recover. The words of the statute, " any existing indebtedness on the policy," refer to prior loans made by the company on the policy. A premium due on a life insurance policy is not an indebtedness. There is no legal binding obligation to pay it. (*Goodwin* v. *Massachusetts Mut. Life Ins. Co.*, 73 N. Y. 480; *Worthington* v. *Charter Oak Life Ins. Co.*, 41 Conn. 372, 416; Richards on The Law of Insurance [4th ed.], p. 574; Vance on The Law of Insurance, p. 260.)

The policy contains the following provision:

" Payment of premiums. This policy is based upon the payment of premiums annually in advance, but if premiums be made payable quarterly or semi-annually, any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be considered an indebtedness to the Company on account of this Policy."

It will be noted that the word " indebtedness " refers to " any unpaid premiums required to complete payment for the current insurance year," not to any unpaid premium to be paid quarterly.

The insured received from the company in cash the amount which he applied for; he had, thereafter, until the expiration of the grace period within which to pay the quarterly premium which fell due on December 9; his failure to pay that premium caused the policy to lapse according to its terms. Prior to the due date of the quarterly payment, December 9, he had received the written notice from the company calling his attention to the fact that a quarterly payment would be due on December 9. After receiving that notice he made the written application for the loan for the maximum amount which could be loaned on the policy, and he received that amount. He was in no way misled by the company. As to him the policy had lapsed.

As the policy by its terms gave the insured the right without notice to the beneficiary to obtain a loan on the policy for the maximum amount which could be loaned thereon, the company in making the loan did not violate any rights of the beneficiary and as to her the policy lapsed and she cannot recover thereon.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., O'BRIEN and CROUCH, JJ., concur; LOUGHRAN and FINCH, JJ., dissent; LEHMAN, J., not sitting.

Judgments reversed, etc.