SHARPE, Respondent, vs. FIRST NATIONAL BANK OF ANTIGO and another, Appellants.

*December 5, 1935—March 3, 1936.*

508

*James T. Cavanaugh,* attorney, and *Gustav Winter* of counsel, both of Antigo, for the appellants.

For the respondent there was a brief by *Gold & McCann,* attorneys, and *John C. Love* of counsel, all of Milwaukee, and oral argument by *Mr. Love.*

The following opinion was filed January 7, 1936:

ROSENBERRY, C. J. It is the contention of the defendants upon this appeal that the plaintiff was directly liable for all the liabilities of the Antigo Canning Company; that the terms of the collateral note were unambiguous; and that the term "any and all indebtedness" used in the collateral note includes the liability of R. B. Johns under his guaranty for the obligations of the Antigo Canning Company.

On the other hand, it is contended by the plaintiff that the collateral in question was pledged to secure the payment of a specific debt; that it can therefore be applied upon that debt and no other; and that by the terms of the note the pledge covers only the direct indebtedness of the plaintiff to the defendant bank.

The term "debt" has a well-defined technical meaning in the law and means a sum of money due by certain and express agreement (see 1 Bouvier's Law Dict. p. 786; 17 C. J. p. 1371, § 1), and does not include liabilities which are contingent in that it is uncertain as to whether anything will ever be demandable under the contract. 17 C. J. p. 1377, § 2, and cases cited. It has been held that a contract of guaranty

creates a contingent liability merely and is not a debt. *Nat. Bank of Commerce v. Rockefeller* (C. C. A.), 174 Fed. 22. Indebtedness is merely the state of being in debt. One cannot be indebted or have an indebtedness unless he owes a debt. While the meaning of the word "indebtedness" may be affected by the context in which it is used, there is nothing in the document in question to indicate that it was used in any other than its ordinary technical meaning. It did not therefore include liabilities which might at some future time be claimed against the plaintiff by reason of a guaranty given to secure payment of the specific debt of R. B. Johns, who in turn had six or seven years before given a continuing guaranty to the defendant bank by which he guaranteed payment of the liabilities of the Antigo Canning Company to that bank. This presents the case of a contingent liability which in turn is contingent upon a second liability.

The circumstances of this case indicate very strongly that a liability so highly contingent was never thought of nor intended to be included by the parties as coming within the term "indebtedness" as used in the collateral note. The defendant bank therefore had no right to retain the security deposited by the plaintiff with it under the circumstances of this case.

The trial court found that the bank waived an actual tender of the amount due on the note. A consideration of the correspondence, and the transaction was apparently all by correspondence, indicates that the finding of the trial court in that regard is amply sustained by the evidence.

It is claimed that no interest should have been allowed upon a recovery after the appointment of a receiver. However, it does not appear that this matter was presented to the trial court, nor does the time when a receiver was appointed appear. It is also claimed that the judgment should not have provided for the issuance of an execution. That part of the

judgment is no doubt surplusage, it being a money judgment an execution would follow as a matter of course (sec. 272.02, Stats.), but the property of the bank now being in the hands of a receiver, no levy could be made. These are matters with which the trial court can deal upon return of the record to that court.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 3, 1936.