## COMMISSIONER OF INTERNAL REVENUE v. PARK.

### No. 7210.

Circuit Court of Appeals, Third Circuit.

June 29, 1940.

---

BIGGS, Circuit Judge, dissenting.

———◆———

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and S. Dee Hanson, Sp. Assts. to Atty. Gen., for petitioner.

Joseph Gilfillan, of Philadelphia, Pa., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is a petition by the Commissioner of Internal Revenue for the review of a decision of the Board of Tax Appeals. The record discloses that on December 14, 1923, the taxpayer made and delivered to his wife his demand note under seal for $150,000. The note bore interest at the yearly rate of 6% and was secured by 6,000 shares of American Stores Company stock as collateral. For each of the succeeding years the petitioner paid his wife $9,000 as interest. The entire transaction took place in Pennsylvania. In computing his net income for 1932, 1933 and 1934 the taxpayer took as a deduction for each of those years $9,000 as interest paid upon an indebtedness. As authority for the deduction he relied upon Section 23(b) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 179, and Section 23(b) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 688, 26 U.S.C.A.Int.Rev. Acts, pages 489 and 672, both of which provide that in computing net income there shall be allowed as deductions all interest paid within the taxable year on indebtedness.

The Commissioner disallowed the deduction and determined a deficiency for each of the three years. The Board of Tax Appeals reversed the Commissioner's determination and held that the payments were allowable deductions. 38 B.T.A. 1118. Upon the present review the Commissioner argues that the demand note in question did not represent an indebtedness within the meaning of the revenue acts; that the payments sought to be deducted were not interest payments; and that the transaction was but a device for giving the appearance of interest on indebtedness to what were in reality annual gifts by the taxpayer to his wife.

Under the law of Pennsylvania the note which the taxpayer gave to his wife, being under seal, was a valid enforceable legal obligation as to which want of consideration was not a defense. Yard v. Patton, 13 Pa. 278; Balliet v. Fetter, 314 Pa. 284, 171 A. 466; Fritz' Estate, 135 Pa. Super. 463, 5 A.2d 601. It must be conceded, of course, that not every obligation is an indebtedness. Illustrations may be found in Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416, where the obligation was to return stock in kind; Del Rio v. Prudential Ins. Co. of America, 269 N.Y. 135, 199 N.E. 32, where a premium due on a life insurance policy was held not to be an indebtedness because there was no legal binding obligation to pay it; Sharpe v. First Nat. Bank of Antigo, 220 Wis. 506, 264 N.W. 245, where a contract of guaranty was held not to create an indebtedness because the contract of guaranty created a contingent liability merely; and Lenox Realty Co. v. Hackett, 122 Conn. 143, 187 A. 895, 107 A.L.R. 1306, where it was held that a mortgage debt not contracted by the corporate owner of the realty or assumed by it, was not an indebtedness of that

354

owner within the meaning of the state income tax act.

■ The obligation in the present case, however, is of a different nature. It is to pay a sum certain, upon demand, to the holder of the note. In other words, it is a sum of money unconditionally owed by the maker of the note to the payee. "Indebtedness" as used in the revenue acts has been properly defined as something owed in money which one is unconditionally obligated or bound to pay, the payment of which is enforceable. Gilman v. Commissioner, 18 B.T.A. 1277, affirmed 8 Cir., 53 F.2d 47, 80 A.L.R.. 209. This is the ordinary meaning of the word [1] and it squarely covers the note here involved. If Congress had intended to limit the meaning of "indebtedness" as used in Section 23(b) to that contracted for a consideration in money or money's worth it could have used the modifying phrase which it did use in Section 805 of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, p. 643. [2] Its failure to do so indicates a contrary intent.

■■ The Commissioner contends that the meaning of the word "interest" as used in the revenue acts must be restricted to payments which one has contracted to make for the use of borrowed money. This is one meaning of the word but not its. sole meaning. Mr. Justice Douglas in Deputy v. DuPont, supra [308 U.S. 488, 60 S.Ct. 368, 84 L.Ed. 416], gave the term a wider meaning when he stated that: "In the business world 'interest on indebtedness' means compensation for the use or forbearance of money." Interest, according to this authoritative definition, may therefore be not only the price paid for the use of borrowed money but also that paid a creditor for his forbearing to demand the payment of money legally due. See also Klein, Federal Income Taxation, Par. 16:4. The present case falls squarely within the latter category, for the payments were made to the wife so long as she forbore to make demand upon the taxpayer for the payment of the note.

■ The final question for our determi-

nation is whether the transaction must be treated as what it purports to be or as a mere colorable device to screen what are in reality gifts by the husband to his wife. There is no suggestion in the stipulation of facts which formed the basis of the Board's findings and decision that the transaction was colorable or in any way other than what it appeared on its face to be, or that it was entered into to avoid taxes. We are asked by the Commissioner to conclude the contrary solely from the relationship between the parties coupled with the wife's failure to demand payment over a period of eleven years. To do so, in the absence of any other evidence than this, would be to ignore the evidence of good faith furnished by the delivery of valuable collateral. It would be to declare as a matter of law that an enforceable demand note given by a husband to his wife and not promptly demanded may not form the basis for an interest deduction even though the note is amply secured and the parties act in perfect good faith. If such an exception is to be ingrafted upon the language of Section 23 (b) it must be done by Congress, not by this court.

The decision of the Board of Tax Appeals is affirmed.

BIGGS, Circuit Judge (dissenting).

The taxpayer in 1923 gave his wife a demand note under seal. The note was in the sum of $150,000, was secured by collateral and bore "interest" at the rate of six per centum per annum. For a period of eleven years the taxpayer has paid his wife $9,000 a year allegedly for her forbearance to sue upon the note or to foreclose upon the collateral. This transaction was entered into in Pennsylvania and the majority of this court are of the opinion that because a seal imports consideration and creates an enforceable obligation under the law of Pennsylvania, in contradistinction to the laws of many of the states, the sums paid by the taxpayer to his wife were interest on indebtedness and therefore deductible under the provisions of Section 23(b) of the Revenue Acts of 1932 and 1934. [3]

[1] In Webster's New International Dictionary, Second Edition, indebtedness is defined as "the sum owed, debts, collectively."

[2] Sec. 805—Revenue Act 1932, c. 209, 47 Stat. 280. Deductions. "The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth."

[3] Revenue Act of 1932, c. 209, 47 Stat. 169, 179, Revenue Act of 1934, c. 277, 48 Stat. 680, 688, 26 U.S.C.A.Int.Rev.Acts, pages 489 and 672.

I must respectfully dissent from the views thus expressed by the majority since in my opinion under the tax laws of the United States the transaction does not have the significance attributed to it by the majority. I think that the sum paid annually by the taxpayer to his wife is not "interest paid * * * on indebtedness." As was stated by the Supreme Court in Deputy v. DuPont, 308 U.S. 488, 497, 60 S.Ct. 363, 368, 84 L.Ed. 416, " * * * although an indebtedness is an obligation, an obligation is not necessarily an 'indebtedness' within the meaning of § 23(b). Nor are all carrying charges 'interest'. In Old Colony R. Co. v. Commissioner, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484, this Court had before it the meaning of the word 'interest' as used in the comparable provision of the 1921 Act, 42 Stat. 227. It said, 284 U.S. at page 560, 52 S.Ct. at page 214, 76 L.Ed. 484, ' * * * as respects "interest," the usual import of the term is the amount which one has contracted to pay for the use of borrowed money.' It there rejected the contention that it meant 'effective interest' within the theory of accounting or that 'Congress used the word having in mind any concept other than the usual, ordinary, and everyday meaning of the term.' 284 U.S. at page 561, 52 S.Ct. at page 214, 76 L.Ed. 484. It refused to assume that the Congress used the term with reference to 'some esoteric concept derived from subtle and theoretic analysis,' 284 U.S. at page 561, 52 S.Ct. at page 214, 76 L.Ed. 484." See also Title Guaranty & Surety Co. v. Klein, 3 Cir., 178 F. 689, 691, 29 L.R.A.,N.S., 620; Maryland Casualty Co. v. Omaha Electric L. & P. Co., 8 Cir., 157 F. 514, 519; Westerfield v. Rafferty, D.C., 4 F.2d 590, 594; Kishi v. Humble Oil & Refining Co., 5 Cir., 10 F.2d 356; Corbett Investment Co. v. Helvering, 64 App.D.C. 121, 75 F.2d 525, 528; City of Lincoln, Neb. v. Ricketts, 8 Cir., 77 F.2d 425, 428; Baltimore & O. R. Co. v. Commissioner, 4 Cir., 78 F.2d 460, 462, 463; Dry Dock Bank v. American Life Ins. and Trust Co., 3 N.Y. 344, 355; Hayes v. Commissioner, 261 Mass. 134, 158 N.E. 539; Terbell v. Commissioner, 29 B.T.A. 44, affirmed per curiam, 2 Cir., 71 F.2d 1017; Fall River Electric Light Co. v. Commissioner, 23 B.T.A. 168. It is also the rule that it is the popular meaning of words which controls construction and meaning of a tax statute. Old Colony R. Co. v. Commissioner, supra, 284 U.S. page 560, 52 S.Ct. 211, 76 L.Ed. 484; Maillard v. Lawrence, 16 How. 251, 261, 14 L.Ed. 925; DeGanay v. Lederer, 250 U.S. 376, 381, 39 S.Ct. 524, 63 L.Ed. 1042.

Since consideration is completely lacking for the note and it is stipulated that it was "made, executed and delivered as an absolute gift * * *", the note in itself is nothing more than a promise to make a gift in the future and the sums paid annually by way of "interest" are nothing more than gifts reduced to possession year by year.

I think that the respondent has done nothing more than attempt to reallocate income within the intimate group of his family and has tried to create a new economic unit for that purpose. As was made very plain by the Supreme Court in Commissioner v. Clifford, 309 U.S. 331, 334, 60 S.Ct. 554, 84 L.Ed. 788, regardless of the particular devices used to split up income within the intimate family group, the tax gatherer must look to substance of the transactions rather than at their form. The economic conceptions in the case at bar become sheerly metaphysical if the respondent's contentions be accepted. The deduction of which the respondent seeks to avail himself is in reality a part of his own income. The wife's income is really a part of her husband's income, a gift from her husband. In my opinion it may be deducted by the respondent only as a gift. The Clifford case may be distinguished from the case at bar because Clifford retained control of the trust while in the case at bar the respondent does not have control of the note or the collateral. It should be observed, however, that the respondent retains the equitable interest in the collateral and the income from it, the latter going to that fund, the husband's income, from which the wife's stipend is paid. Though the respondent does not retain control of the note or collateral, these facts do not seem to me to be sufficient to transform an annual gift into "interest * * * on indebtedness".

The decision of the Board of Tax Appeals should be reversed and the cause remanded with directions to assess deficiencies for the taxable years in accordance with the determination of the Commissioner.