## Galvanoni & Nevy Bros., Inc., v. Acquadro et al.

*Stark, Bissell & Reifsnyder*, for plaintiff.
*S. U. Colbassani*, for defendants.

EAGEN, J., November 27, 1942.—We must here decide questions of law raised by an affidavit of defense, filed on behalf of one of the defendants to the above action. Plaintiff sued defendants on a book account for goods allegedly sold and delivered to defendant Martin Acquadro. The other defendant herein questions whether or not a cause of action is pleaded as to him. The statement of claim alleges that the other defendant, Andrew Acquadro, "by his instrument in writing agreed to be surety for the account of Martin Acquadro". A copy of the writing is made part of the pleadings and an examination thereof discloses that on February 23, 1941, defendant Andrew Acquadro wrote a letter to a legal firm in New York City about the indebtedness of his father (the defendant Martin Acquadro) to plaintiff. In this letter he assumes full responsibility for his father's indebtedness. Upon this letter plaintiff bases his liability in this suit. No consideration for this promise to pay another person's indebtedness is pleaded. At the time of this promise, the goods had long since been delivered and the indebtedness long overdue. Plaintiff did not allow this particular defendant to assume full responsibility for the indebtedness since in this suit the original debtor is also joined. It would appear, therefore, that this amounts to a bare promise and the posi-

tion of defendant would be tenable, were it not for the Uniform Written Obligations Act of May 13, 1927, P. L. 985. This act provides that a written promise "shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound". The act has been held constitutional. See Balliet v. Fetter, 314 Pa. 284.

It appears to the court that in the writing pleaded defendant Andrew Acquadro said that he intended to be legally bound. The purpose of the act, as declared by Professor Williston, who drafted it, was to make the law "substantially the same as it was when seals were in force, so far as the doctrine of consideration is concerned, except that in lieu of the formality of a seal, the formality of this statement is substituted". See Selected Readings on the Law of Contracts by Sherman Steele, 21 Ill. L. Rev. 185; and William Foster Reeve, III, 76 U. of P. L. Rev. 580.

Wherefore, November 27, 1942, the questions of law raised by the affidavit of defense are decided in favor of plaintiff and defendant is directed to answer over on the merits within 15 days.