WILLIAM F. PRENDERGAST and ROSE A. PRENDERGAST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prendergast v. Commissioner
Docket No. 14575-82.
United States Tax Court
T.C. Memo 1983-419; 1983 Tax Ct. Memo LEXIS 372; 46 T.C.M. (CCH) 787; T.C.M. (RIA) 83419; July 20, 1983. William F. Prendergast, pro se. Susan G. Lewis, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, *374 Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1979 in the amount of $1,165. After concessions by both parties, the issues for determination are: (1) Whether petitioners are entitled, under section 163, to a deduction of $588.60 for interest paid by them on a loan made by a third party to their son; (2) whether petitioners are entitled to a deduction of $575 for cash contributions made to their church, under section 170; and (3) whether petitioners are entitled to a deduction in the amount of $4,186, or any amount, for employee business expenses, pursuant to section 162 as modified by section 274. William F. Prendergast (referred to hereinafter as "petitioner") and Rose A. Prendergast filed a joint Federal income tax return for the year 1979. They resided in Bridgewater, New Jersey, at the time the petition herein was filed. In 1979, petitioner made payments totaling $588.60 for interest due on his son's student loan and subsequently deducted that amount on his income tax return for the year. Respondent disallowed the deduction on the grounds that the interest payments were not made with respect to a bona fide debt *375 of the taxpayer. Section 163(a) permits a deduction for all interest paid or accrued within the taxable year on indebtedness. The term "indebtedness" has been defined as an "unconditional and legally enforceable obligation for payment of money." Autenreith v. Commissioner,115 F.2d 856 (3d Cir. 1940); Commissioner v. Park,113 F.2d 352 (3d Cir. 1940). This Court has consistently held, however, that interest payments are not deductible unless made with respect to an obligation owed by the taxpayer, himself, Sheppard v. Commissioner,37 B.T.A. 279, 281-82 (1938); Dean v. Commissioner,35 T.C. 1083 (1961). The loan here in question was made by a third party to petitioner's son, and the petitioner was under no legal obligation to repay either the principal or the interest on the debt. Consequently, we find that the loan was not a bona fide debt of the taxpayer and hold that the interest payments may not be deducted by him under section 163.See Secunda v. Commissioner,T.C. Memo. 1977-185. Petitioner also claimed a deduction for charitable contributions to his church during the year 1979 in the *376 amount of $850. He was able to substantiate only $275 of this amount and was not able to produce any corroboration for the remaining amount. On the statutory notice of deficiency, respondent disallowed $575 of the deduction. Subject to limitations, section 170(a)(1) provides generally that a deduction is allowed for charitable payments which are made within the taxable year. The contributions are deductible, however, only if verified pursuant to the guidelines set out by the Treasury Regulations. Section 1.170A-1(a)(2)(i), Income Tax Regs., provides that taxpayers must state in their income tax returns the name of each organization to which a contribution was made and the amount and date of the payment. More significantly, section 1.170A-1(a)(2)(iii), Income Tax Regs., specifies that any deduction for a charitable contribution must be substantiated, when required by the district director, by a statement from the organization to which the contribution was made. The statement must include the amount of the contribution, the name and address of the contributor, the date of actual receipt, and other relevant information. Besides Schedule A attached *377 to the return, the only evidence presented to support petitioner's argument for the deduction of the remaining $575 was his own testimony. We are unconvinced by the evidence that he made charitable contributions over and above the $275 allowed by the respondent. We, therefore, conclude that petitioner has failed to carry his burden of proof and that no deduction may be taken under section 170 for the remaining $575. See Welch v. Helvering,290 U.S. 111 (1933); section 1.170A-1(a)(2)(i), Income Tax Regs.
During 1979, petitioner was one of three principal officers of Kismet Kreations, Inc. (hereinafter "Kismet"), a corporation engaged in the business of designing and selling table linens. His responsibilities included the sale and distribution of Kismet products in various locations throughout the country. Kismet had an established policy of reimbursing the officers for expenses incurred on their business trips. Due to the increasingly poor financial condition of the corporation, however, Kismet was not able to reimburse him for his expenses after July of 1979. On his 1979 tax return, petitioner claimed a deduction of $4,186 for unreimbursed employee business *378 expenses, including overnight travel, entertainment, legal fees, gas, and local travel. Respondent disallowed the deduction on the ground that no substantiation existed to verify the amount and business purpose of the expenditures. At trial, copies of canceled checks, airline tickets, and miscellaneous receipts were submitted as evidence of expenses incurred from July through December 1979. No diary or contemporaneous records were produced to substantiate the nature or business purpose of the expenditures. Section 162(a)(2) allows a deduction for all ordinary and necessary traveling expenses paid or incurred during the taxable year while away from home in pursuit of a trade or business. Section 274(d) states, however, that no deduction is allowable under section 162 for any traveling or entertainment expenses unless the taxpayer provides adequate substantiation. The substantiation requirement is satisfied when the taxpayer presents adequate records to support his own statements regarding (a) the amount of such expense, (b) the time and place of the travel or entertainment, (c) the business purpose of the expense, and (d) the business relationship of the persons entertained. In *379 order to meet the adequate records test, a detailed record must be kept, such as a diary, account book, or similar record, and documentary evidence to establish each of the required elements. Section 1.274-5(c)(2), Income Tax Regs.
Although petitioner has submitted numerous bills and canceled checks, he has failed to meet the substantiation requirements of section 274. The receipts presented on his behalf provide insufficient information regarding the amount, time, and place of the expenditures in question. Petitioner has, likewise, failed to demonstrate the nature of the expenses and the business relationship of the individuals entertained. Contemporaneous records were not kept, and he was unable to substantiate adequately the deductions through oral testimony at trial. In the event that section 274(d) is not complied with, no deduction is allowable. Sanford v. Commissioner,412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969); Ashby v. Commissioner,50 T.C. 409 (1968). Accordingly, we hold that the deduction is disallowed for lack of substantiation. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.