HELENE M. ROESER, Plaintiff, *v.* THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant.*

City Court of New York, Special Term, New York County, May 18, 1936.

*Joseph Shalleck*, for the plaintiff.

*Holm, Whitlock & Scarff*, for the defendant.

*Affd., App. Term, First Dept., N. Y. L. J. May 7, 1937, p 2294.

SCHIMMEL, J. This is a motion by the plaintiff for summary judgment in an action upon an insurance policy wherein she is the designated beneficiary, covering the life of her late husband.

Premiums on the policy were payable quarterly.

On May 18, 1934, the assured obtained a loan on the policy in the gross amount of $382.58, from which the company deducted interest in the sum of $14.68 in advance to January 22, 1935, which date was the end of the current policy year, and the quarterly premium in the sum of $37.46 which had become due on April 22, 1934. The company claims that, when it delivered the net proceeds of the loan to the assured, it presented him with a statement showing the aforesaid deductions. The company did not deduct from the loan the quarterly premiums falling due on July 22, 1934, and October 22, 1934. The assured paid no further premiums from the time of the making of the loan to the date of his death, October 12, 1934.

The company refused to pay the death benefit upon the ground that the policy had lapsed and was forfeited for non-payment of premiums prior to the death of the assured, more particularly the premium due July 22, 1934. Plaintiff contends that, by virtue of subdivision 7 of section 101 of the Insurance Law, the company was required to deduct from the aforesaid loan the premiums falling due July 22, 1934, and October 22, 1934; and that, because of the company's failure to deduct these premiums in advance at the time it made the loan, the policy could not lapse for the non-payment thereof. If this failure on the company's part had such effect, the plaintiff is entitled to judgment; otherwise, the case must be remitted to a trial, where certain other factual issues will have to be resolved.

It, therefore, becomes necessary to construe subdivision 7 of section 101 of the Insurance Law (as amd. by Laws of 1922, chap. 275) which was in effect when the policy in suit was issued. This section provides that standard policies, of which this is one, must contain: " A provision that after three full years' premiums have been paid, the company at any time, while the policy is in force, will advance * * * a sum equal to * * * the reserve at the end of the current policy year on the policy and on any dividend additions thereto * * * ; and that the company will deduct from such loan value any existing indebtedness on the policy and any unpaid balance of the premium for the current policy year, and may collect interest in advance on the loan to the end of the current policy year."

Also, in the last paragraph of section 101, " A policy * * * issued in violation of this section, shall nevertheless be held valid but shall be construed as provided in this section, and when any

provision in such policy  *  *  *  is in conflict with any provision of this section, or of any other statutory provision, the rights, duties and obligations of the insurer, the policy holder and the beneficiary shall be governed by the provisions of this section."

The policy in suit does contain a clause which, for the purpose of consideration of the question presently before the court, may be said to substantially conform to the statute; however, this is immaterial, since it is settled law that even if the policy had contained a contrary stipulation, the standard provisions of the statute would nevertheless govern the contract of insurance.

If the statute be construed literally, and each word taken in its dictionary sense, then the provision for the deduction of the premiums in advance to the end of the current policy year is apparently mandatory. For the statute says without equivocation that the company " will " make a loan in an amount to be calculated in accordance with the provisions of the statute and " will " deduct from the loan value any existing indebtedness on the policy and any unpaid balance of the premium for the current policy year, but " may " collect interest in advance on the loan to the end of the current policy year. However, the duty of the court in construing a statute does not end when it has applied to each word contained therein its appropriate dictionary definition. A statute should be reasonably construed, in accordance with the purpose which it must be thought the legislators intended to achieve. While the court must not forget to exercise the utmost caution lest it find itself substituting its own wishes and ideas for the legislative intent, thereby usurping the legislative function, nevertheless it cannot be overlooked that legislators, like all other men, will occasionally be somewhat inaccurate in the use even of simple words.

The court believes that a literal application of the wording of the statute under consideration does not accord with its true meaning and intent. It is, of course, only by virtue of the statute in question that the company is required to make any loan at all. Obviously the provision in the statute which requires the company, if the assured desires it, to make a loan in an amount not less than that fixed by law, is for the benefit of the assured, so that the company may not arbitrarily refuse to advance to the assured for his temporary use the realizable value of his policy. But the provision in the statute that the company " will " deduct existing indebtednesses and premiums in advance to the end of the current policy year, though these premiums are not yet due, seems to be primarily for the benefit of the company. The statute compels the company to loan to the assured a sum based not upon the reserve at the time

of making the loan, but upon the reserve at the end of the current policy year and on any dividend additions thereto. This reserve value comprehends the premium for the balance of the current policy year, even though unpaid. The right to deduct premiums to become due during such period, that is during the remainder of the current policy year, is simply correlative to the obligation to make an advance based upon the anticipated worth of the policy.

Surely the company does not, by failing to deduct premiums not yet due, forfeit its right thereafter to collect them from the assured and to enforce the remedies allowed it by law for non-payment of premiums. Suppose the company had failed to deduct from the loan an indebtedness then due to it from the assured. Can it be thought that such failure would prevent the company from thereafter enforcing the debt? Would the debt be deemed a gift to the assured simply because the statute provides that the company " will deduct from such loan value any existing indebtedness?"

If the provision for the deduction of premiums in advance be held mandatory, then in what sense and to what end is it mandatory? Should the statute be so enlarged by implication as to enforce upon the company for its disobedience a penalty not therein actually decreed, thereby affording the assured a gratuitous benefit?

In the instant case the company did not compute the advance which it made to the assured upon the basis of the reserve at the end of the current policy year, but instead upon the reserve at the time the loan was actually made. Hence, there was no necessity for deducting premiums to the end of the policy year. The amount which the assured would have received if the loan had been computed on the basis of the reserve at the end of the current policy year after deducting therefrom premiums to become due to the end of such year is approximately forty dollars less than that which he actually received upon the basis of the computation used. No good reason suggests itself why the company and the assured, by mutual consent, were not free to place this practical construction upon the contract of insurance, provided no unfair advantage was taken of the assured, and provided he was fairly apprised of the basis upon which the loan was computed and of the fact that the unmatured premiums had not been deducted from the loan. That the assured was not misled seems to have been a factor underlying the decision in *del Rio* v. *Prudential Insurance Co.* (269 N. Y. 135), cited recently in *Kaufman* v. *Metropolitan Life Insurance Co.* (248 App. Div. 613), wherein the following was noted: " It is not disputed that the insured well knew at the time he received the

amount of the loan upon his policy that the balance of the premium for the current policy year had not been deducted. He was not, therefore, misled."

This case should be tried. At the trial there are certain issues of fact to be resolved, namely, did the company give the assured due notice that it would cause the policy to lapse, as required by section 92 of the Insurance Law, and, since plaintiff denies that assured received the statement of account hereinbefore referred to, was the assured misled by the company's failure to deduct in advance premiums to the end of the current policy year?

Plaintiff's motion for summary judgment is denied.

Order signed.