## Yadelson v. Metropolitan Life Insurance Co.

*Harry R. Kozart*, for plaintiff.
*Dechert, Smith & Clark*, for defendant.

BLUETT, J., March 7, 1940.—This is an action in assumpsit which was tried before me with a jury on December 14, 1939. The verdict was for defendant. Plaintiff has filed motions for a new trial and for judgment n. o. v.

Edward Yadelson was insured in a policy issued by defendant, in which his wife, Rose Yadelson, was named as beneficiary. On February 1, 1936, he asked an agent of defendant for cash surrender of the policy. About twelve days later, the agent of the company brought Yadelson a check for $172.87 and a statement showing that a loan had been made in the sum of $978, from which deductions were made as follows:

| | |
|---|---:|
| Credit on old loans in payment thereof . | $780.00 |
| Interest on old loans (at 6% from 10-28-35 to 2-10-36) ............. | 13.18 |
| Interest on new loan from 2-10-36 to 4-28-26 ....................... | 11.95 |
| | $805.13 |
| Balance paid to insured in cash ..... | 172.87 |
| | $978.00 |

On March 11, 1936, Yadelson wrote defendant protesting against the deduction of $11.95 interest in advance on the new loan and stating that he had asked for the cash surrender value of his policy and not an additional loan. On March 16, 1936, defendant replied, stating that the check for $172.87 represented the entire loan value of the policy: that this was done in Yadelson's best interests, because had the cash value been paid Yadelson's protection would have ceased immediately, while under the method of paying the full value Yadelson retained the protection of the insurance until 31 days of grace after the next premium due April 13, 1936. The letter also pointed out that the interest charged would also have been charged if the policy had been surrendered and the same amount paid out for cash surrender.

The premium due April 13, 1936, was never paid and Yadelson died July 10, 1936, after the expiration of the 31-day grace period. Defendant company contends that the policy had lapsed before the death of Yadelson and that the company was not liable thereon.

At the trial, the trial judge was of the opinion that when the loan was made in February 1936, the company was not obliged to deduct the premium becoming due April 13, 1936, before the paying of the cash to Yadelson, and there was no additional loan value in the policy in April 1936 when plaintiff alleges he made request for an additional loan to be made to him. It also seemed that the insured by accepting the statement and check had waived his right to have the premium for the current term deducted. The trial judge, therefore, directed a verdict for defendant.

The policy provided, in making a loan: "any indebtedness to the company on this policy . . . together with interest . . . and any unpaid premium or premiums for the current policy year, will be deducted from the amount of said loan".

Under the Statutory Construction Act of May 28, 1937, P. L. 1019, simple words are to be given their ordinary meaning: McNitt v. Philadelphia et al., 325 Pa. 73; Bell Telephone Co. of Pa. v. Public Service Comm., 119 Pa. Superior Ct., 292; Grayson v. Aiman, Inc., 252 Pa. 461.

The words "will be deducted" are simple words and we are of the opinion that they are entitled to their ordinary meaning. We are, therefore, of the opinion that the company was obliged to deduct the amount of the premium due in April 1936, there being sufficient moneys available for this purpose, from the loan value.

The case of Roeser v. The Guardian Life Ins. Co., etc., 162 Misc. 798, relied on by defendant, was a lower court case in New York and was not either affirmed or overruled by an appellate court. The case of Del Rio v. The Prudential Insurance Co., etc., 269 N. Y. 135, cited in

the Roeser case as some authority for the decision therein, was decided for defendant entirely on the ground that there was not sufficient money left from the loan to deduct the premium for the current policy year. But it was there indicated that, had there been sufficient moneys left from the loan value, the company would have been obliged to make the deduction for the current policy year.

In the instant case, there was a balance in the loan of $172.87, which was paid to the insured, and the semi-annual premium which would have been due in April 1936, was only $69.20, so that there was sufficient money available to deduct the semi-annual premium.

There was some question as to whether or not the company should not have made a loan to the insured in a larger amount, but in view of the fact that under the computation made there was enough to pay the premium and to give the insured some money, this question would now seem to be immaterial.

As to whether or not the insured by accepting the loan, the statement thereof, and the check for the balance, waived the benefit of the requirement of the policy that the company "will deduct the premium for the current policy term", this provision in the policy was for the benefit of the policyholder and cannot be waived by him. This has been decided many times by our appellate courts: Hermany et al. v. Fidelity Mutual Life Assn., 151 Pa. 17; Keatley, for use, v. The Travelers' Ins. Co., etc., 187 Pa. 197.

After a review of the case, we are now of the opinion that the trial judge erred in directing a verdict for defendant, but that on the undisputed facts in the case there should have been a direction to the jury to find a verdict for plaintiff, as plaintiff had filed a request for such a charge.

The motion for judgment n. o. v. is hereby granted and judgment is ordered to be entered in favor of plaintiff in the sum of $1,999.60, with interest from July 10, 1936.

Plaintiff's motion for new trial is refused.