CHESTER A. SHEPPARD, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87430.   Promulgated February 4, 1938.

*C. D. Phillips, Esq.,* for the petitioner.
*W. W. Kerr, Esq.,* for the respondent.

**OPINION.**

ARUNDELL: The first question for consideration is whether the amount of $13,402.26 claimed by petitioner as interest for the 144 days that he operated the Texas Gilmore properties is deductible from gross income. Section 23(b) of the Revenue Act of 1932 allows a deduction for "interest paid or accrued within the taxable year on indebtedness," with certain exceptions not here material.

Petitioner states the question involved here as being whether or not he had an obligation under the agreement of the certificate holders to pay or cause to be paid the interest on the indebtedness represented by the old trust certificates and says that the answer lies on the construction to be placed on that agreement. It is argued that the agreement contemplated that the indebtedness represented by the trust certificates should be kept alive.

The statutory provision allowing deduction for interest on indebtedness means interest on an obligation of the taxpayer claiming it; payments made on obligations of others do not meet the statutory

requirement. These fundamentals have often been stated. *Colston* v. *Burnet*, 59 Fed. (2d) 867, affirming 21 B. T. A. 396; *Automatic Sprinkler Co. of America*, 27 B. T. A. 160; *Helen B. Sulzberger*, 33 B. T. A. 1093. Turning to the agreement here, it is impossible to find therein any obligation on the part of the petitioner to pay interest on the obligations of the Texas Gilmore Co. The essence of the agreement in so far as it relates to this question is, as stated in petitioner's reply brief, that if the property was purchased by the trustees, the trustees would cause to be issued through a newly formed corporation new certificates of indebtedness including accrued interest. This, we think, is a complete answer to petitioner's claim. His obligation in this matter was only to cause to be issued by the new corporation certificates evidencing indebtedness taken upon itself and not indebtedness of the trustee. The trustee undertook no obligation of indebtedness or to pay interest.

If somehow there can be spelled out of the agreement an obligation of the petitioner for interest while he operated the properties, we would still be forced to the conclusion that no deduction would be allowable. The petitioner, it must be remembered, was operating the properties as trustee for the certificate holders who were the beneficial owners. Under such circumstances, if there was any liability for interest it would be a liability on the part of the certificate holders to pay interest to themselves. The statute clearly does not comprehend any such liability.

While we do not have the question of deductions by the new corporation, it is worthy of note that when the new corporation was brought into being by the certificate holders, they did not place upon it an unconditional liability for interest for the period here involved. Under the coupon set out in the findings of fact, payment for that period was solely in the discretion of the directors of the new corporation.

We accordingly hold that the petitioner did not incur liability for interest during the period that he operated the properties and that he is not entitled to the deduction claimed.

The record on the depreciation issue is confusing. It appears that the petitioner computed and claimed depreciation in his return on a basis of $490,763.07 and at a rate of 8⅓ percent. The deficiency notice states the depreciation has been allowed at the same rate, which indicates that the respondent used a lower basis than the petitioner. The assignment of error in the petition attacks only the amount disallowed as a deduction and does not indicate whether the petitioner complains of the basis or the rate used by the respondent. From the facts alleged in the petition, it appears that the petitioner ques-

tions the rate and not the basis. The discussion at the hearing and in the briefs is along the line that the basis is in issue.

The evidence is insufficient to establish error in either the rate or the basis. The only evidence directed to the rate is the testimony of the petitioner that in his opinion a fair rate for depreciation is 10 percent. No facts are given upon which we can test the soundness of his statement. The evidence as to the basis is that the petitioner used the figure set up on the books of the Texas Gilmore Co. as depreciated cost. Whether or not that was actual depreciated cost we do not know. In this state of the record it is unnecessary to inquire whether the petitioner's proper basis is cost to him or cost to the former owners.

*Decision will be entered for the respondent.*