DAVID J. SECUNDA and ELIZABETH K. SECUNDA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Secunda v. Commissioner
Docket No. 8959-74.
United States Tax Court
T.C. Memo 1977-185; 1977 Tax Ct. Memo LEXIS 257; 36 T.C.M. (CCH) 763; T.C.M. (RIA) 770185; June 14, 1977, Filed David J. Secunda, pro se. Robert B. Marino, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' 1972 Federal income tax. Petitioners have neglected to append to either their petition or amended petition, filed with this Court, a copy of the statutory notice of deficiency as required by Rule 34(b)(8), Tax Court Rules of Practice and Procedure, and consequently we do not know the exact amount of the original deficiency determined by respondent. We do know by way of stipulation, however, that in his notice of deficiency dated August 16, 1974, respondent disallowed in full petitioners' claimed medical expense deduction of $1,414 and charitable *258 contribution deduction of $838. Petitioners also claimed an interest deduction of $4,157 of which respondent disallowed $2,143. Respondent has now conceded that petitioners should be allowed a medical expense deduction of $1,436.30, and that the charitable contribution deduction of $838 claimed on the return should be allowed in full. Respondent has further conceded that petitioners' claimed interest deduction should be allowed to the extent of $3,354.59. Thus, the sole issue now before us involves the propriety of a claimed interest deduction in 1972 of $802.41, relating to payments made by petitioners during that year on educational loans incurred by petitioners' three children. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, David J. and Elizabeth K. Secunda (hereinafter petitioners), filed their joint 1972 Federal income tax return with the Internal Revenue Service Center in Holtsville, New York. At the time their petition herein was filed they resided in Summit, New Jersey. Petitioners' son, John, and their daughters, Mary and LeAnne, individually borrowed funds from the Summit and Elizabeth Trust Company to pay for their *259 respective higher educations. All such loans were guaranteed either by the United States Government or the New Jersey Higher Education Assistance Authority. During 1972, the year at issue, the following loans taken out by John, Mary and LeAnne remained outstanding: Individual
Date of Loan
Amount of Loan
Interest Rate
John
2/1/68
$1,000
6%
10/24/68
1,000
7%
10/3/69
1,000
7%
9/11/70
1,500
7%
Mary
10/24/68
$1,000
7%
3/26/70
1,000
7%
9/11/70
1,500
7%
LeAnne
1/28/68
$1,000
6%
8/19/68
1,000
7%
The notes involved were executed by the children in their individual capacities, and petitioners did not execute such notes as either makers, co-makers, or endorsers. However, during 1972, petitioners made the interest payments to the Summit and Elizabeth Trust Company as such payments became due, even though they were not liable for such interest or for repayment of the loans. OPINION Section 163(a) [1] provides that "[There] shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." On their 1972 return, petitioners deducted interest payments that they made during that year *260 on loans taken out by three of their children. Respondent disallowed this claimed deduction, and we hold that respondent's determination must be sustained. The courts have continuously and consistently held that taxpayers may not deduct interest on obligations of others, but may only properly claim deductions on obligations owed the taxpayer himself. Sheppard v. Commissioner,37 B.T.A. 279 (1938); Dean v. Commissioner,35 T.C. 1083 (1961); Anderson Dairy, Inc. v. Commissioner,39 T.C. 1027 (1963). Petitioners have stipulated that they did not execute the notes in question as makers, co-makers, or endorsers and that they were not liable for the repayment of the loans. Given these facts, we have no choice but to deny that portion of their claimed interest deduction. The main thrust of petitioners' argument is that they entered into oral contracts with each of their children in which they agreed to make the respective payments of principal and interest on the loans. Even if we were to find such oral contracts to be enforceable, *261 [2] the children would remain primarily liable on the notes and petitioners would be in a position analogous to that of a guarantor. We have consistently held that payments made by a guarantor are not deductible as interest because the obligation belongs to the debtor, and the guarantor is only secondarily liable therefor. Rushing v. Commissioner,58 T.C. 996 (1972).Accordingly, we find this argument raised by petitioners to be without merit. Because of other adjustments, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. The enforceability of this type of contract is extremely doubtful in light of N.J.S.A. 25:1-5↩ (1940).