BRUNO Di LUCENTE and HELEN Di LUCENTE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Di Lucente v. Commissioner
Docket No. 2348-79.
United States Tax Court
T.C. Memo 1980-208; 1980 Tax Ct. Memo LEXIS 377; 40 T.C.M. (CCH) 489; T.C.M. (RIA) 80208; June 19, 1980, Filed Bruno Di Lucente, pro se. John F. Dean, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined a deficiency of $2,737 in petitioners' Federal income tax for 1976. The issues to be decided are (1) whether petitioners may deduct, as taxes, amounts paid by petitioner husband in the form of the 100 percent penalty assessed pursuant to sections 6671 [1] and 6672 for failure of Allegheny Stone, Inc. to pay its taxes in accordance with sections 3101 and 3402; (2) whether, alternatively, such amounts are deductible, under section 166(d), as a nonbusiness bad debt; (3) whether petitioners may deduct, under section 163, the interest paid with respect to this tax liability; and (4) whether petitioners may deduct greater amounts of medical or dental expenses and of county taxes than those amounts allowed by respondent. *380 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by reference. At the time they filed their petition, petitioners resided at Columbia, Maryland. Petitioners timely filed a joint Federal income tax return with the Director, Internal Revenue Service Center, Philadelphia, Pennsylvania. Two distinct Pennsylvania corporations, Allegheny Stone, Inc. (hereinafter Allegheny) and Di Lucente, Inc., maintained offices in a building owned by the latter corporation. Di Lucente, Inc. was owned by petitioner Bruno Di Lucente (hereinafter Bruno); Allegheny was owned and operated by Bruno's brothers. Because of the absence of Allegheny's officers or employees, occasionally, Bruno would sign Forms 941, Federal withholding and FICA employment tax returns, for Allegheny. Bruno, however, was neither an officer, employee, or stockholder of Allegheny. Allegheny failed to pay over to the United States government the employee's portion of FICA taxes and taxes withheld from wages for the quarter ending December 31, 1969. As a result of such failure, the amount of tax due from Allegheny, in the form of *381 the 100 percent penalty pursuant to sections 6671 and 6672, was assessed against Bruno's brothers and Bruno. Consequently, various notices of Federal tax lien were filed against the business property of Allegheny and the personal homes of Bruno's brothers. On March 17, 1972, a notice of Federal tax lien was also filed, and subsequently refiled on July 16, 1976, against a residence owned by petitioners. Bruno took no steps at that time to protest the assessment against him or the lien filed against his property. In response to an inquiry by Bruno, the Baltimore district director, in a letter dated February 12, 1976, informed Bruno of the current tax, interest and penalty due as a result of the 100 percent penalty assessment. In order to take the burden away from other family members, Bruno volunteered to pay the taxes.
To pay the taxes, petitioners, on March 16, 1976, sold a residence owned by them. Having paid the taxes, Bruno attempted to deduct, on petitioners' joint Federal income tax return for 1976, $13,128 as taxes and $3,372 as interest. A tax consultant advised Bruno he could deduct the payments on his Federal tax return. OPINION Petitioners, who did not submit *382 a brief, stated in their petition that since respondent had placed a lien on their property for the purpose of paying the taxes owed by Allegheny, he fixed legal responsibility on petitioners and, therefore, petitioners are entitled to a deduction of $13,128 as taxes paid. In addition, petitioners say that, following the opinion of various tax consultants they approached, they took a deduction for withholding and FICA taxes as a shortterm nonbusiness bad debt; they cite Stamos v. Commissioner,22 T.C. 885 (1954), in support of this contention. Petitioners further protest the disallowance of $3,372 paid as interest on the taxes owed since respondent normally allows such deductions. Respondent, relying on his trial memorandum, argues that section 275 specifically disallows deductions for the tax imposed by section 3101 and the tax withheld at source on wages under section 3402, that taxes are only deductible by the party incurring the tax, that interest on an indebtedness is only deductible by the taxpayer obliged to pay the indebtedness, and that because petitioners have not presented any substantiation for medical or dental expenses or for county taxes in excess *383 of those amounts allowed by respondent, they are not entitled to a greater deduction than respondent has allowed. We agree with respondent. Respondent's determination of a deficiency is presumptively correct. Petitioners have the burden of proving such determination is wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Deductions are a matter of legislative grace; petitioners must prove that they are entitled to a deduction under the terms of the applicable statute. Interstate Transit Lines v. Commissioner,319 U.S. 590 (1943); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). We find no statutory basis to allow petitioners to deduct the penalty which was assessed because Allegheny failed to pay over to the Internal Revenue Service Certain taxes as required by sections 3102(b) and 3404. Petitioners may not deduct the penalty assessment as taxes. Section 275 specifically denies a deduction for Federal income taxes, including those imposed pursuant to section 3101, relating to the tax on employees under the Federal Insurance Contributions Act (hereinafter FICA) *384 and the tax withheld at source on wages under section 3402. See also sections 1.275-1 and 1.164-2(a), Income Tax Regs. Similarly, sections 3502(a) and (b) provide that the FICA tax and the taxes withheld from wages are nondeductible under subtitle A to the taxpayer or his employer. [2]
Bruno was neither an officer, employee, or stockholder of Allegheny. Because of the absence of Allegheny's officers or employees and because of the physical proximity of the offices of Allegheny and Di Lucente, Inc. as well as the familial relationship between the owners of the two companies, Bruno occasionally signed tax forms for Allegheny. It is difficult for us to find that Bruno seriously imagined he was obligated to pay the 100 percent penalty assessment. Rather, the evidence is clear that *385 Bruno was making a gift; he volunteered to pay the tax to alleviate the financial strain on his family. [3]
The situation here is unlike the one in Stamos v. Commissioner,supra, wherein we allowed a nonbusiness bad debt deduction to a taxpayer who was organizer, stockholder, officer, and director of the corporation, and who believed, corroborated by his attorney's advice, that he was personally liable for certain of the corporation's taxes. Bruno, by contrast, was only tangentially connected with Allegheny and the only advice he received from various sources was that the payments were deductible on his income taxes. There was no evidence that he was ever counseled that the obligation to make these payments was his. Since Bruno was *386 not obligated to pay the penalty assessment, petitioners are not entitled to a deduction for interest payments relating to the debts of others. See Enoch v. Commissioner,57 T.C. 781, 794 (1972); Sheppard v. Commissioner,37 B.T.A. 279 (1938). Finally, because petitioners have not presented any substantiation for medical or dental expenses or for county taxes in excess of those amounts allowed by respondent, they have failed to carry their burden of proof that they are entitled to greater deductions for these items. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩
2. Although the payment of withholding and FICA taxes from employees' salaries is not an ordinary and necessary business deduction for the employer, the payment is indirectly deducted when the total amount of compensation for the employee is deducted by the employer as an ordinary and necessary business expense. Allegheny, however, and not Bruno, was the employer with respect to these payments.↩
3. Had Bruno wanted to determine his liability for payment of the 100 percent penalty assessment, he should have litigated the issue by filing a claim and suing for a refund either in Federal District Court or in the Court of Claims. See Brecher v. Commissioner,T.C. Memo. 1962-154↩. Although petitioners may have felt that respondent had fixed their liability in this matter, only a court had that power.