ROBERT S. AND ELIZABETH M. GLADU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gladu v. Commissioner
Docket No. 19985-81.
United States Tax Court
T.C. Memo 1982-702; 1982 Tax Ct. Memo LEXIS 47; 45 T.C.M. (CCH) 269; T.C.M. (RIA) 82702; November 30, 1982. Robert S. Gladu, pro se. Cynthia Olson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *49 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' 1978 Federal income tax of $2,231.93. After concessions by the parties, the issues are (1) whether petitioners are entitled to a deduction for travel expenses; (2) whether petitioners are entitled to an investment tax credit; (3) whether petitioners are entitled to a general sales tax deduction in excess of the amount allowed by the respondent; and (4) whether petitioners are entitled to an interest expense deduction in excess of the amount allowed by the respondent. FINDINGS OF FACT Some of the facts have been stipulated and they are found accordingly. Petitioners filed a joint income tax return for 1978 and were residents of Evergreen, Colorado at the time the petition in this case was filed. Petitioner Robert Gladu was employed as an electrician at the Henderson Molybdenum Mine near Berthoud Pass in Gilpin County, Colorado from November of 1977 until April 1982. Until September 1978 petitioners resided in Aurora Colorado, which was 53 miles from the mine. In September 1978 petitioners moved to Evergreen, Colorado which was 45 miles from the mine. *50 Robert Gladu commuted to the mine daily in his automobile. Petitioner accepted employment at the Henderson Mine in order to obtain sufficient work experience (some four years) to qualify for a journeymen's license. Petitioners on their 1978 income tax return claimed a $4,298.10 deduction for transportation expenses and a $275.93 investment tax credit for the automobile used to commute to the mine. Respondent disallowed the deduction claimed for such transportation expenses and also disallowed the investment tax credit. Petitioners deducted $1,126.50 as an interest expense paid in connection with the sale of their residence. Respondent disallowed the deduction in full. Respondent also disallowed a portion of the sales tax deduction claimed by petitioners. OPINION The first issue as joined by the parties is whether petitioner Robert Gladu's employment at the Henderson Mine was temporary or indefinite. [3] Respondent contends that petitioner's employment was not temporary for purposes of section 162(a)(2) and hence the daily travel costs are not deductible. We must agree with respondent. *51 Whether a job is temporary or indefinite is purely a question of fact. This Court has defined temporary employment as the kind of employment expected to last for a short period of time. Albert v. Commissioner,13 T.C. 129, 131 (1949). In order to qualify for a deduction under the temporary-indefinite rule, the employment must be temporary in contemplation at the time of its acceptance. McCallister v. Commissioner,70 T.C. 505 (1978). Here, petitioner's employment at the mine was not scheduled to terminate at any specified time. He left voluntarily after working there for more than four years. It is immaterial under these circumstances that the job site was in a remote area where adequate housing would be unavailable. United States v. Tauferner,407 F.2d 243 (10th Cir. 1969). We must conclude on this record that petitioner's employment at the mine for a period lasting more than four years was not temporary in nature. We hold therefore that he is not entitled to a deduction for his travel costs under section 162(a)(2). The second issue is whether petitioner is entitled to an investment tax credit for the automobile used by *52 him to commute to the mine. To qualify for the investment tax credit, inter alia, the property must be subject to an allowance for depreciation. Sections 38 and 48. Section 167(a) states that depreciation shall be allowed for property used in a trade or business and property held for the production of income. In view of our holding that petitioner's commuting expenses are nondeductible personal expenses, we conclude that the investment tax credit claimed by him is not allowable. Respondent is sustained. The third issue before us is whether petitioner is entitled to a general sales tax deduction in excess of the amount allowed by respondent. Section 164 provides for the deduction of various taxes including state and local general sales taxes. Taxpayers have the option of claiming a deduction based on sales tax tables published by respondent, or, if the taxpayer's records show that he paid more than the amount shown on the table, he can deduct the larger amount. Moreover, the respondent does permit additions to the amount shown in the optional sales tax tables for taxes paid on certain specified costly items. Here, petitioner made no serious effort to show that he paid sales *53 taxes in excess of the amount allowed by respondent. See Russo v. Commissioner,T.C. Memo. 1982-248. Accordingly, we must sustain respondent on this issue. The final issue is whether petitioner may deduct as an interest expense a loan discount paid by him on a loan obtained by the purchasers of his residence in 1978. The loan discount of $1,126.50 was based upon three percent of the purchasers' loan of $37,550. Section 163(a) allows a deduction for interest paid on indebtedness during the taxable year. The interest however must be paid on an obligation of the taxpayer claiming the deduction; payments on an obligation of another taxpayer do not qualify. Sheppard v. Commissioner,37 B.T.A. 279 (1938). Assuming that the loan discount does in fact qualify as interest, it is clear that the indebtedness in question was not an obligation of the petitioner. Consequently, petitioner is not entitled to deduct the loan discount as an interest expense under section 163. Respondent is sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. While the Court has held that automobile expenses incurred in commuting between a taxpayer's residence and even a temporary job site outside his normal area of employment are not deductible (see Turner v. Commissioner,56 T.C. 27↩ (1971), vacated and remanded on respondent's motion by an unpublished order (2nd Cir. March 21, 1972)), that issue has not been presented to us in this case.